Stone v. Stone et al.

## STONE V. STONE ET AL.

1. MARRIED WOMAN: *Her conveyance of separate property: Acknowledgment.*
   Since the adoption of the Constitution of 1874 a married woman can convey her separate property as a *femme sole*; and in the acknowledgment of her deed no privy examination, nor disclaimer of compulsion or undue influence of her husband, is necessary. Her deed is good without acknowledgment as to all parties with notice of it.

2. PRACTICE IN CHANCERY: *All interested must be parties:*
   Ordinarily, parties should see that all persons to be affected by the decree should be brought before the court; and if they do not, the court should, of its own motion, direct them to be brought in.

APPEAL from *Saline* Circuit Court in Chancery.
Hon. J. M. SMITH, Circuit Judge.

*W. C. Ratcliffe,* for appellant.

The acknowledgment of the deed to Henderson was defective, and hence the deed was void. Chenault had *actual* notice that Mrs. Stone claimed the property. It was owned by appellant prior to her marriage, which was consummated in 1873, prior to the adoption of the Constitution of 1874, and was not such a separate estate as could be conveyed by her as a *femme sole.*

*John Fletcher* for appellees.

The property was the *sole and separate* property of Mrs. Stone, and she had a right to sell as a *femme sole*. No acknowledgement was necessary. *Donohoe v. Mills,* 41 *Ark.,* 421.

The court found as a fact that it was the sole and separate estate of Mrs. Stone at the time the deeds were made, and that there was no fraud. These proceedings are as conclusive as the findings of a jury, and will not be disturbed if supported by any evidence. 24 *Ark.,* 431 ; 2 *Daniel, Pl. and Pr.,* 1315-1316.

EAKIN, J. The appellant, a married woman, filed this bill against her husband and divers others, to annul and cancel certain deeds of some land, being her separate property. The facts are that she, with her husband, conveyed the land to a third party, without any consideration in order that they might be reconveyed to the husband, which was done. The husband afterwards for a valuable consideration sold and conveyed the lands to defendant Chenault, who had notice of the wife's claim.

The gravamen of the charges in the bill, consists in this : that the deed was obtained from her by fraud and undue influence on the part of her husband ; that it was without consideration, and not acknowledged in accordance with the forms prescribed for the conveyance of real estate by a married woman.

The charges of fraud are denied, and it appears that the deed was executed after the adoption of the Constitution of 1874. It is acknowledged by husband and wife jointly, without privy examination, or disclaimer of compulsion or undue influence.

Upon the hearing the Chancellor found no fraud nor com-

11——43

pulsion, nor undue influence, and dismissed the bill for want of equity. From this she appeals.

1. MAR-
RIED WO-
MAN: Her con-
veyance.

Upon a review of the evidence it is clear enough that there was no proof of fraud, compulsion or undue influence. She executed the deed voluntarily, with the intention of vesting the property in her husband. She did so because she desired him to improve it, and make it their common home and to induce him to do so, as owner. She had children by a former husband, to whom it would otherwise have descended on her death. It was a fair transacton. The husband after partially improving it sold it to Chenault. This may have been unkind to her, in disappointing her just expectations, but she made no provision against such a change of purpose on his part. From all that appears it may have been judicious. We cannot say, and it is a matter of no consequence as determining any legal or equitable right. She had empowered him to do so by making him complete owner without reservation.

Acknowl-
elgment.

No privy examination was necessary. The property had been her sole and separate property before her marriage and before the adoption of the Constitution. It does not appear to have been in trustees for her use, with any restrictions upon her power of alienation. The Constitution provides, Art. X, Sec. 7, that the real and personal property of any *femme covert*, acquired either before or after marriage, in any manner, may be "conveyed by her as if she were a *femme sole.*" This repeals, as to such property, the former statutory mode of conveying by privy acknowledgement. *Bishop on Married Women, Vol.* 1, *Sec.* 199; *Roberts and wife v. Wilcoxon & Rose,* 36 *Ark.,* 355; *Donohoe v. Mills,* 41 *Ib,* 421. The acknowledgment was proper. Her execution of the deed itself without any acknowledgment would have been enough.

We observe in the transcript an inadvertent error in practice, not affecting the merits of the case but which demands notice. During the litigation, Chenault died, and the suit was revived against the administrator alone, without his heirs. Chenault was the real defendant, and the suit concerned his title. The heirs were necessary parties, as no decree in favor of Mrs. Stone would have bound them. It has been the habit of this court, in such cases, to decline any consideration of the merits, and to remand causes for proper parties. But that is a matter upon which it may not be improper to exercise sound discretion. Appellant still has her remedy against the heirs of Chenault to whom the lands have descended if she may still be advised she has any rights to assert. She shows none in this case, and it would only be imposing upon her additional costs to remand it. To affirm will be to leave all parties *in statu quo*, and is the most prudent course. The Chancellor was right upon principle. The case is exceptional. Ordinarily parties should see to it that all persons to be affected by the decree are brought before the court, and if not done by the parties, it should be directed by the court on its own motion.

Affirm.

