## CRISCOE V. HAMBRICK.

1.  MARRIED WOMAN: *Her deed without acknowledgment.*
    Since the adoption of the constitution of 1874 a wife may convey her separate estate as a *femme sole* without acknowledgment of the deed. Acknowledgment is necessary only for registration and notice to subsequent purchasers and incumbrancers.

2.  PARTITION: *Plaintiff must have possession or admitted title.*
    Unless a tenant in common is in possession or his title is admitted, he can not maintain a bill in equity for partition. He must first establish his title at law and then bring his action in equity.

APPEAL from *Cross* Circuit Court.

Hon. W. H. CATE, Circuit Judge.

*Geo. H. Sanders* for Appellant.

It is immaterial whether Mrs. Hays was married before or after the adoption of the constitution of 1874, or whether she inherited the land in 1873 as alleged in the complaint.

The *Constitution of 1874, Sec. 7, Art. 10,* says: "The property of any *femme covert* in this state, acquired either before or after marriage," etc.

The case of *Shryock v. Cannon, 39 Ark., 434,* has been overruled in principle by *Stone v. Stone, 43 Ark., p. 160; Donohue v. Mills, 41 Ark., 421.*

Any defects of acknowledgment are cured by *Act March 8, 1883,* and *March 14, 1883; Johnson v. Richardson, 44 Ark., 365; Green v. Abraham, 43 Ark., 422.*

The question involved was a question of law upon the construction of the deed, and no motion for new trial was necessary. *26 Ark., 662; 39 Id., 258; 43 Id., 398.*

*N. W. Norton* for Appellee.

1.' The acknowledgment of Mrs. Hays is fatally defective. *39 Ark., 434.*

2. 'The curing acts cannot validate the acknowledgments of married women.  *39 Ark., 124; Wood's Retroactive Laws, pp. 261–2.*

. 3. Appellant must first establish his title at law, before he can bring suit for partition.  The answer denied his title, *44 Ark., 334,* and he was not in possession.

SMITH, J.  In the year 1873, Samuel Hambrick, of Cross county, died intestate, seized and possessed of 400 acres of land and leaving him surviving a widow and eight heirs at law.  One of these heirs, Sarah C. Hambrick, was married in September, 1874, to J. H. Hays.  And in 1875 Hays and his wife conveyed all their right, title, interest and claim in and to these lands to a trustee, as security for the payment of a debt which Hays owed to G. W. Criscoe.  The deed was duly acknowledged by Hays; but in regard to the wife, the officer before whom the acknowledgment was taken only certifies that she, in the absence of her husband, signed the deed and relinquished her dower in the lands, of her own free will and without compulsion, etc.; omitting the customary words "for the purposes therein set forth."

Pursuant to a power of sale contained in the deed of trust, the trustee, in 1882, after default in the payment of the secured debt, sold and conveyed the trust property to Criscoe, the beneficiary, who afterwards exhibited in the circuit court his petition for the partition of the premises.  He made the widow and heirs of the deceased intestate parties defendant, except Mrs. Hays, whose share he claimed to have acquired by purchase at the trust sale.  The petition stated that from the death of Hambrick to the institution of this suit, his widow had continued to reside upon the lands, with some or all of Hambrick's heirs.

The answer of the widow denied the petitioner's title, but prayed for an allotment of her dower, in case partition was decreed. Mrs. Hays also intervened for her interest, alleging that she was in possession and that she was not bound by the trust deed and sale thereunder. And the court decreed that Criscoe had no title and dismissed his petition.

The action of the court evidently proceeded upon the notion that Mrs. Hays was still the owner of her former interest, notwithstanding the execution of the trust deed and its subsequent foreclosure by advertisement and sale; and that the certificate of acknowledgment was fatally defective, as it showed only a renunciation of dower in the wife's own lands, and did not in other respects conform to the requirements of the statute.

Before the adoption of the present constitution, which authorizes a married woman to convey her separate estate the same as if she were single, her acknowledgment of the instrument of conveyance, before some one of the officers designated by law to take it, was essential to the operation of her grant. This is no longer the case, at least in the transfer of her separate statutory estate. Acknowledgment is now requisite only for purposes of registration and notice. As between the parties and all others, except purchasers or incumbrancers without notice, the deed is good without it. The difference between the former law and the present law on this subject may be seen by a comparison of the cases of *McGehee v. McKenzie, 43 Ark., 156*, and *Stone v. Stone, Ib., 160*. See also *Roberts v. Wilcoxson & Rose, 36 Id., 355; Donohue v. Mills, 41 Id., 421; Bryan v. Winburn, 43 Id., 28; Simms v. Hervey, 9 Iowa, 273, per Dillon, J.*

1. Married woman's deed without acknowledgment.

The court below may have been misled, as Mrs. Hays' counsel certainly has been misled, by the case of *Shryock v. Cannon, 39 Ark., 434*. But, there, although the conveyance by the married woman was made in 1878, yet the land had been acquired by her in 1867, after her marriage, and her husband had a vested interest which could not be divested by

legislation. Consequently it was not her separate property; and *Sec. 7, Art. 9, Constitution of 1874*, did not empower her to convey it as if she had been a *femme sole.*

But in the present case, the inheritance came to Mrs. Hays in 1873. and was her separate estate. *Constitution of 1868, art. 12. sec. 6; Act of April 28, 1873, sec. 2.*

She could mortgage her lands for her husband's debts. *Petty v. Grisard, 45 Ark., 117*, and cases cited.

And even if a formal acknowledgment had been necessary to pass title in 1875 (which was not the case), the Act of March 8, 1883, would have healed the defect. *Johnson v. Richardson, 44 Ark., 365.*

**2. PARTITION: Plaintiff must have possession or admitted title** But there is one ground upon which the judgment must be affirmed. There is no averment or proof that the petitioner ever got possession under his purchase; and his title is not recognized by his co-tenants. So far as the record discloses, the lands are held adversely to him; he is excluded from any participation in the rents and profits; and his title is in dispute. He must, therefore, resort to ejectment, to establish his title, as an action for partition is maintainable only by a party in possession, or whose title is admitted. *London v. Overby, 40 Ark., 155, and cases cited; Moore v. Gordon, 44 Id., 334.*

The case of *Trapnall v. Hill, 31 Ark., 345*, and *Davis v. Whitaker, 38 Id., 435*, are apparent, but not real, departures from this rule; for the intervention of a court of chancery was necessary for the complete ascertainment of the rights of the parties, in the first named case by the taking of a long and complicated account, and in the other by the construction of a will. And the court having possession of the cause for one purpose, acted upon its maxim of not doing justice by piecemeal, but settled the whole controversy in one suit.

The affirmance, however, is without prejudice to the right of Criscoe to litigate his title in an action of ejectment, and

-when he shall have recovered the share that would have gone to Mrs. Hays, but for her alienation of it, to have that share set out to him in severalty upon a proper bill or petition exhibited for that purpose.