### FOSTER *v.* BEIDLER.

Opinion delivered December 24, 1906.

1. APPEAL—REVERSAL—LAND TITLES.—Where real estate is involved, the practice, on reversal, is to remand the cause to the trial court, in order that the title may be cleared and supplementary proceedings be had where the land is situated. (Page 274.)

2. SAME—REVERSAL—RIGHT TO RESTITUTION.—Where a decree awarding possession of land to plaintiff was reversed on appeal, and the complaint dismissed, the effect of the reversal was to vacate the decree for possession, and the trial court should, after proper notice, make restitution of what was taken under its erroneous decree, if possession was in fact taken under it. (Page 275.)

Appeal from Miller Chancery Court; *James D. Shaver,* Chancellor; petition for writ of possession denied.

For the facts see *Foster* v. *Beidler,* 79 Ark. 418.

*Webber & Webber* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*J. D. Cook,* for appellee.

PER CURIAM. Appellants ask the court for a writ of assistance to restore them to possession which they allege was taken from them under the decree appealed from.

It is the practice, in cases where real estate is involved, to remand the cause, on reversal, to the trial court, in order that the title may be cleared and any supplementary proceedings had where the land is situate. It was a clear oversight in this case that the complaint was dismissed here, instead of remanding the cause to the trial court for it to be dismissed there and for

other appropriate remedies flowing from the adjudication that there was no equity in the complaint. Had the attention of the court been called to it during the term, the judgment would have been modified.

This court can not conveniently take up these supplemental matters, and should not do so except where necessary in order to give effect to its judgments.

The effect of the reversal is to vacate the decree for possession, and the chancery court should, after proper notice, make restitution of what was taken under its erroneous decree, if possession was in fact taken under it.

The appellants also have a clear right at law to regain possession taken under a decree now vacated.

Motion for writ here denied.