BAILEY v. WHORTON.

4-7450                                    183 S. W. 2d 52

Opinion delivered November 6, 1944.

*John G. Rye* and *Oliver Moore,* for appellant.

*Bob Bailey, Jr.,* and *Bob Bailey,* for appellee.

ROBINS, J. Alleging that she was the owner of three hundred twenty acres described in her complaint, appellant, Mrs. Vara Bailey, sought in the lower court an injunction against appellees, H. Whorton and Martin-Gorham Lumber Company, to prevent them from cutting timber on her land. Appellees defended on the ground that they had purchased the timber on the land described in the complaint, with that on seventy additional acres, and had obtained a written conveyance thereof duly signed by appellant and her husband, Charles Bailey. To reverse decree of the lower court denying the relief sought by her, appellant prosecutes this appeal.

Appellant owned the land described in her complaint (three hundred twenty acres) and her husband owned the other seventy acres. On April 25, 1944, appellant and her husband executed the following instrument:

"This indenture, made this 25th day of April, A.D. 1944, by and between Charles Bailey, party of the first part, unto and with H. Whorton & Martin & Gorham Lbr. Co., parties of the second part,

"Witnesseth, that said party of the first part, being the owner in fee simple and in possession of the follow-

ing lands, lying and being situated in Pope county, Arkansas, to-wit:

"E½ of E½, NW¼, Sec. (22), Twp. (8), Range (21); W½, NW¼ of NW¼, Sec. 22, west one-half (W½) of the east half NW¼ (E½), Section (22), Township (8), Range (21); the east half (E½) NW¼ of NW¼, Section (22), Township (8), Range (21).

"Pt. of SE¼ of (NW¼) Section (22), Township (8), Range (21), 70 acres. South half (S½) of (SW¼), Section (15), Township (8), Range (21); SE¼ of Section (16), Township (8), Range (21); north half (N½) NE¼ of NE¼, Twp. (8), Range (21); Sec. (21), Twp. (8), Range (21).

"For and in consideration of the sum of four thousand dollars ($4,000) to me in cash paid, the receipt of which is hereby acknowledged, has this day granted, sold and conveyed unto the said parties of the second part and their lawful heirs, successors and assigns, forever, all the pine and oak fifteen inches from ground timber over nine inches in diameter on said lands, and enough of the smaller timber for skid poles, in removing said timber from the lands.

"Above described land containing three hundred ninety acres.

"It is agreed that said party of the first part shall pay all taxes and assessments levied against said lands and timber and keep the same free from all alienation and incumbrance, and that any failure by said party to pay any taxes or assessments by the third day before the time for the payment of the same shall expire, shall be considered to be authority to the parties of the second part to pay the same, for which said parties of the second part shall have a lien on said land and timber as now by law given to agents and others paying taxes on the lands, of others at their request.

"It is further agreed that the parties of the second part shall cut and remove said timber within a period of fifteen months years from the date hereof, and shall

be entitled to all of that time within which to cut and remove said timber. The said second parties shall have free and uninterrupted possession of said land during the term of this indenture for the purpose herein set forth, and shall have free ingress and egress thereto and therefrom, with the right to build and operate trams or railroads onto or across said land for the purpose of transporting the timber therefrom, or for transportation of timber belonging to or that may belong to said parties, and to this end shall be regarded as the holders of said lands, to sue for and recover the same from all persons whatever, holding or attempting to hold same; provided, that the said first party, his heirs or legal assigns may retain such possession of said land, at all times, as shall not interfere with the rights of the second parties under this deed for the purpose aforesaid.

"It is further agreed that said second parties shall not have the right to enter any field on said land that is fenced or enclosed at date hereof, without first obtaining the consent of the party of the first part.

"It is further agreed that whenever said timber shall have been removed, the party of the first part shall enter into full possession of said land at once, whether the time for such removal be expired or not; provided, that all right of railroad herein granted shall be perpetual; said right of way shall be not less than fifty feet wide, and may be used for a regular freight and passenger railroad.

"And the said party of the first part does hereby covenant with the second parties and their lawful heirs, successors and assigns that we will forever warrant and defend the title of said timber and right-of-way against all lawful claims whatsoever.

"And I, Vara Bailey, wife of Charles Bailey aforesaid, for, and on my own behalf, do hereby freely and fully, for the purposes mentioned in this indenture, unite with my said husband in making the same, and do forever relinquish and quitclaim unto the said H. Whorton, Martin & Gorham Lbr. Company, their heirs, successors and assigns, all my right of and claim to dower and

homestead in said land; that is to say until the expiration of the rights herein conveyed.

"In testimony whereof, the said party of the first part has hereunto set their name, the day and year above written.

"Charles Bailey

"Vara Bailey."

The instrument contained certificate of acknowledgment in form for deed executed by married man with relinquishment of dower and homestead by the wife.

Appellant testified that she did not understand that the timber deed included her land, and that she signed it in the belief that by it was conveyed only the timber on her husband's seventy acres. She could read and write and she did not testify that she was denied an opportunity to read the instrument or that any one misrepresented to her its contents. The testimony of other witnesses, including her husband and son, together with the fact that, under her contention, her husband's timber was being sold for a sum almost three times its value, strongly indicated that she knew that the purchase of her own as well as her husband's timber was contemplated and that she knew her land was embraced in the contract which she signed. Appellant failed to show that she did not knowingly sign the timber deed or that she was misled as to its contents.

But it is urged on behalf of appellant that the timber deed, by its terms, does not amount to a conveyance of her timber, because her name does not appear in the granting clause.

In construing a contract every sentence, clause and word therein should, when it can be reasonably done, be given effect. *Earl* v. *Harris,* 99 Ark. 112, 137 S. W. 806; *Phoenix Cement Sidewalk Co.* v. *Russellville W. & L. Co.,* 101 Ark. 22, 140 S. W. 996; *Yellow Jacket Mining Company* v. *Tegarden,* 104 Ark. 573, 149 S. W. 518. "In construing a written instrument effect must be given to every part therein where it can be done." *B. A. Collins*

*& Co.* v. *Gus Blass Co.*, 154 Ark. 244, 242 S. W. 70. "Individual clauses in an agreement and particular words must be considered in connection with the rest of the agreement, and all parts of the writing, and every word in it, will, if possible, be given effect." 17 C. J. S., § 297, p. 710. "So far as possible, effect will be given to all the language and to every clause of the agreement. No word should be rejected as mere surplusage if the court can discover any reasonable purpose thereof which can be gathered from the whole instrument." 12 Am. Jur. 774.

In the timber deed involved in this case a description of the land owned by appellant was set forth, along with a description of the land of her husband, and was followed by a paragraph reciting the sale and conveyance of the timber on all the described premises. In the last paragraph of this deed appears this language: "And I, Vara Bailey, wife of Charles Bailey aforesaid, for, and on my own behalf, do hereby freely and fully, for the purposes mentioned in this indenture, unite with my said husband in making the same, and do forever relinquish and quitclaim . . . all my right of . . . dower and homestead."

The following definition of the word unite is given by Webster's New International Dictionary: "To join in an act . . . as, all parties united in signing the petition." So, we have here a statement by appellant that she joined with her husband in executing the timber deed, and, in addition thereto, that she relinquished her dower and homestead rights. In order to uphold appellant's contention as to the meaning of this timber deed which she signed we must treat as surplusage and meaningless the description of appellant's land and the statement by appellant contained in said deed that she joined her husband in the execution thereof. This we may not do without violating fundamental rules of construction.

Somewhat similar language was considered by this court in the case of *Mayfield* v. *Sehon,* 205 Ark. 1142, 172 S. W. 2d 914, in which there was involved construction of a deed of trust conveying a homestead, wherein the

name of the wife of the grantor did not appear in the granting clause, but at the end of the deed was this recital: "I (giving the name of the wife) do hereby join my husband in the execution of this instrument and for the purpose herein expressed do relinquish and release," etc. In that case we said: "By the use of the language above quoted, we think she just as effectively became a grantor as she would if named in the granting clause." And so, in the case at bar, we conclude that Mrs. Bailey, by stating that she united with her husband in making the indenture, joined with him in the execution thereof, so as to convey the timber on her own land, as effectively as if her name had been set forth in the granting clause. The fact that the certificate of acknowledgment did not show acknowledgment by appellant that she had executed the deed but contained only an acknowledgment that she had relinquished dower and homestead does not prevent the instrument from being operative as to her lands, because an unacknowledged conveyance of her own lands by a married woman is valid between the parties. *Roberts* v. *Wilcoxson*, 36 Ark. 355; *Stone* v. *Stone*, 43 Ark. 160; *Criscoe* v. *Hambrick*, 47 Ark. 235, 1 S. W. 150.

The lower court properly dismissed appellant's complaint for want of equity, and its decree is in all things affirmed.