Hoffman *v.* Late.

5-154                                    260 S. W. 2d 446

Opinion delivered July 6, 1953.

Rehearing denied October 5, 1953.

*Lee Seamster* and *E. J. Ball,* for appellant.

*Crouch & Blair, Rex W. Perkins* and *Jeff Duty,* for appellee.

GEORGE ROSE SMITH, J. This is an action in unlawful detainer for the possession of certain business property, used as a cafe. The tenants' defense is that they exercised an option to renew the lease and are entitled

to retain possession for an additional year. The trial court, sitting without a jury, entered judgment for the plaintiff.

The appellants, Ralph Hoffman and his wife, were not originally parties to the lease. On August 31, 1951, Late leased the property to Lawrence Clark for a primary term of one year, "with an option for an additional five years from year to year." The lease also provides that it cannot be assigned by the tenant without the landlord's written consent. In November Clark's wife became ill, and he sought Late's permission to transfer the lease to the Hoffmans. Late testified, over objection, that he consented to the transfer only upon an oral agreement with the Hoffmans that they were to have the property just for the rest of the primary term, with no privilege of renewal. When Late accepted the Hoffmans as tenants he or his representative had them add their signatures to the written lease. Late retained a signed copy of the lease and made it an exhibit to his complaint below.

On June 24, 1952, Late gave the Hoffmans written notice to vacate at the end of the primary term, on August 31, 1952. They countered by serving notice on Late that they were exercising their privilege of renewal for another year. When the tenants refused to surrender possession at the end of the primary term this suit was filed. We regard as the decisive issue the Hoffmans' contention that Late's testimony about the oral agreement is contrary to the parol evidence rule.

It is the accepted present-day view that the parol evidence rule is not really a rule of evidence but is instead a rule of substantive law. Wigmore on Evidence (3d Ed.), § 2400; Williston on Contracts (Rev. Ed.), § 631; Rest., Contracts, § 237; 4 Ark. L. Rev. 168. As Wigmore puts it, *supra*: "What the rule does is to declare that certain kinds of facts are legally ineffective in the substantive law; and this of course (like any other ruling of substantive law) results in forbidding the fact to be proved at all." The practical justification for the rule lies in the stability that it gives to written con-

tracts; for otherwise either party might avoid his obligation by testifying that a contemporaneous oral agreement released him from the duties that he had simultaneously assumed in writing.

Hence in the case at bar it makes no difference whether Late's version of the oral negotiations is true or false. In point is *Randle* v. *Overland Texarkana Co.*, 182 Ark. 877, 32 S. W. 2d 1064, 75 A. L. R. 1516, where the plaintiff, by demurring to the answer, admitted an allegation that there had been an oral agreement contrary to the written contract sued upon. We sustained the demurrer, saying: "The allegation simply means that, although [the defendant] signed the note, there was a contemporaneous oral agreement that he should not be bound, but that he signed for reference merely. Under such circumstances the rule is that parol evidence is not admissible to contradict or vary the written instrument."

Counsel for the appellee tacitly concede the force of the parol evidence rule by vigorously insisting that there was no written contract between Late and the Hoffmans. The argument is that Clark could assign the lease only with Late's written consent, that such consent was withheld, and that therefore Late's agreement with the Hoffmans was oral. The conclusion drawn by counsel is that the original lease to Clark was the only written contract, and familiar principles of law permit that contract to be modified by a *subsequent* oral agreement.

There are two flaws in this chain of reasoning. To begin with, the provision requiring written consent to an assignment was for the benefit of the landlord and could be waived by him. *Reconstruction Finance Corp* v. *Home Inv. Co.*, 221 Ark. 131, 252 S. W. 2d 398. Late undoubtedly waived this condition by putting the Hoffmans in possession, by accepting rent from them, and by stating in his notice to vacate: "Your lease on said premises expires on August 31, 1952."

In the second place, the negotiations between Late and the Hoffmans led to a contract that was written, not

oral. The Hoffmans were required to affix their signatures to the original lease and thereby to bind themselves to the duties imposed on the lessee. Late now sues upon that very instrument, and he can hardly say that it is not in writing.

We must reverse the judgment, and ordinarily we would direct that the cause be dismissed. But the judgment awarding possession to the plaintiff does not appear to have been superseded; so if the appellee has regained possession the appellants are entitled to restitution. *Foster* v. *Beidler,* 81 Ark. 274, 98 S. W. 968; *Dodson* v. *Butler,* 101 Ark. 416, 142 S. W. 503, 39 L. R. A., N. S., 1100, Ann. Cas. 1913E, 1001. The cause is therefore remanded.