ROTH *v.* PREWITT.

5-749                                          283 S. W. 2d 155

Opinion delivered October 31, 1955.

*Sims & Clarke* and *James A. Ross,* for appellant.

*William K. Ball, Lamar Williamson* and *Adrian Williamson,* for appellee.

MINOR W. MILLWEE, Associate Justice. Appellant, Clarence J. Roth, rented about 250 acres of land in Drew County from appellee, T. A. Prewitt, for the production of rice and soy beans in 1948 under a written rent contract executed by the parties on April 17, 1948.

On March 18, 1949, appellant brought this suit seeking damages for an alleged breach of the rent contract by appellee in failing to furnish sufficient water to make a full rice crop. Damages were also sought on account of appellee's alleged illegal seizure of certain farm equipment upon which he held a mortgage to secure certain advancements made to appellant under the rent contract. Appellee denied any breach of the contract on his part and asked for foreclosure of the chattel mortgage. Pending a long drawn out trial by depositions taken over a period of several years, the chancellor appointed a receiver who sold the mortgaged property at public sale to appellee under an order requiring retention of the sale proceeds until final determination of the suit. This appeal is from a decree dismissing appellant's complaint and entering judgment for appellee on his cross-complaint in the amount of the balance due on the mortgage indebtedness after deducting the proceeds of the foreclosure sale.

The primary issue here is whether, under the terms of the written rent contract, appellee was obligated to furnish sufficient water to make a full rice crop in any event and regardless of the source of such water supply, or, whether he was only obligated to furnish the pumps, power unit and fuel necessary to pump water from a certain brake to the extent that it was available for the purpose of irrigating the rice. The only provision of the contract bearing directly on this question is set forth under the heading ''Obligations of Lessor,'' and reads: ''B. *Water:* The Lessor will provide pump, pipe, and power unit sufficient to lift water from the Brake sur-

rounding said land to be farmed and will furnish fuel and oil to operate said power unit.'' Under another provision of the contract, appellant, as Lessee, agreed ''to operate the pump which will furnish water for said rice lands.''

An unusual and severe local drouth in the summer of 1948 caused a scarcity of water in the brake surrounding the rice lands which the parties thought would afford an ample supply for irrigation purposes. Appellee installed a second pump and power unit to get more water from the brake and built a dam to impound the water. The brake dried up, resulting in an insufficient supply of water to produce a full rice crop and a substantial loss to both parties. As the learned chancellor pointed out in his findings, it seems to be admitted that the severe drouth caused the scarcity of water in the brake and there is no contention that the damages were caused by any failure on the part of appellee to furnish sufficient pumps, pipe, power units and fuel to lift the water from the brake for irrigation purposes.

In determining the issues in favor of appellee, the chancellor held that the rent contract was clear and unambiguous concerning appellee's obligation relating to water, which was to provide pump, pipe, power and fuel sufficient to lift the water from the brake and make it available for irrigation purposes. In short, that the proviso in the contract relating to water meant exactly what it said, and did not mean that appellee guaranteed a sufficient supply of water to make a full rice crop, regardless of the source of such supply.

Appellant earnestly insists that the trial court erred in his interpretation of the contract. In making the contention that the contract obligated appellee to furnish a sufficient supply of water to make a full rice crop, appellant concedes that the contract is clear and unambiguous but he relies upon the case of *Gibson* v. *Lee Wilson & Co.*, 211 Ark. 300, 200 S. W. 2d 497. The contract in that case required the lessor to furnish ''a suitable irrigation plant'' with ''sufficient capacity to properly irrigate'' the rice acreage, which he failed to do in time to

save the rice crop according to the overwhelming evidence in the case. In affirming a judgment for the lessee, we referred to the lessor's "positive agreement to furnish sufficient irrigation" as required by the contract. In the case at bar it is undisputed that appellee furnished adequate pumping equipment and fuel in a timely manner to lift all available water from the adjacent brake for use in irrigating the rice land and this was the extent of his obligation under the plain language of the contract.

It is elementary law that courts do not make contracts for the parties but only construe them; and where parties make a contract in clear and unambiguous language, it is the duty of the court to construe it according to the plain meaning of the language employed. *St. L. S. W. Ry. Co.* v. *Cook-Bahlau Feed Co.*, 187 Ark. 106, 58 S. W. 2d 428. It is also well settled that contemporaneous oral evidence is inadmissible to vary the terms of an unambiguous written contract. *Hoffman* v. *Late,* 222 Ark. 395, 260 S. W. 2d 446. In *Stoops* v. *Bank of Brinkley,* 146 Ark. 127, 225 S. W. 593, the court said: "The first rule of interpretation is to give to the language employed by the parties to a contract the meaning they intended. It is the duty of the court to do this from the language used where it is plain and unambiguous. Where the language is clearly susceptible of but one meaning, parol evidence to vary the terms of a written contract is not admissible. Where the meaning of the language of the contract is doubtful, or is susceptible of more than one meaning, parol evidence may be resorted to show the real nature of the agreement. The admission of such testimony is, within the meaning of the terms employed in the written contract, to render certain that which is uncertain and to determine just what in fact the writing was intended to express." See also, *Love* v. *Couch,* 181 Ark. 994, 28 S. W. 2d 1067; *Lee Wilson & Co.* v. *Fleming,* 203 Ark. 417, 156 S. W. 2d 893.

As an alternative argument appellant contends that the rent contract is ambiguous and that parol evidence of prior negotiations, acts of the parties and custom and

usage should have been considered by the chancellor as showing an intention of the parties to require appellee to furnish a sufficient supply of water to make a full rice crop after the brake dried up. Since we have concluded that the chancellor correctly held the contract clear and unambiguous, it is unnecessary to consider the interesting arguments by counsel for both parties on these extraneous matters.

The decree is affirmed.