Doyle ROGERS and Josephine ROGERS, His Wife *v.*
AMOS ENDERLIN CONTRACTING CO., INC.

CA 82-228                                     644 S.W.2d 316

Court of Appeals of Arkansas
Opinion delivered December 22, 1982

*Hoover, Jacobs & Storey,* by: *Victor A. Fleming,* for appellants.

*Anderson & Kilpatrick,* by: *Joseph E. Kilpatrick, Jr.,* for appellee.

DONALD L. CORBIN, Judge. Doyle W. Rogers and Josephine Raye Rogers, his wife (Rogers), were owners of real estate, upon which existed the Grady Manning and Marion Hotels in Little Rock. As part of a construction project, appellant Doyle W. Rogers caused these buildings to be demolished.

Hardin International, Inc. (Hardin), appellant's general contractor, subcontracted the debris removal job to Daniel A. Wilkinson, Arten Wilkinson, Harold E. Wilkinson and Michael Wilkinson, d/b/a Wilkinson Brothers Construction Company, a partnership (Wilkinson). Wilkinson subcontracted a portion of the debris removal to the

appellee, Amos Enderlin Contracting Co., Inc. (Enderlin). Appellee filed a claim of materialmen's lien for $27,795.25.

On July 18, 1980, appellee filed its Complaint, seeking judgment against Wilkinson and a lien against appellants' real estate. On July 21, 1981, appellee filed Requests for Admissions and Interrogatories. Among other things, appellee requested an admission that certain attachments to the Requests for Admissions and Interrogatories "are true copies of statements submitted by plaintiff to Wilkinson . . . directly reflecting [the number of hours worked by certain equipment, the number of truck loads of debris hauled, all payments made, and the amount due plaintiff from Wilkinson]," Wilkinson did not respond within 30 days to the Requests for Admissions and thus was deemed to have admitted that the exact amount sued for was due and constituted the proper amount by which to render judgment. The appellants were also deemed to have admitted the aforementioned Request for Admissions.

Appellee sought summary judgment against Wilkinson, asking that same be a lien against appellants' property. Appellants contended a factual issue existed because of execution by appellee of a partial lien waiver and because, notwithstanding all admissions, a mixed issue of law and fact existed as to how much of the judgment amount was lienable.

Appellant produced a document titled "Partial Waiver of Lien" apparently executed by appellee stating that liens were waived for any and all work performed up to and including March 27, 1980. The appellee subsequently executed an affidavit which was attached to its Supplemental Brief as an exhibit. It stated:

On March 21, 1980 I presented my bill in the amount of Eleven Thousand Five Hundred Seventy Dollars ($11,570.00) to Wilkinson Brothers Construction Co. for work performed prior to March 21, 1980.

On March 28, 1980 I met with Harold Wilkinson, Michael Wilkinson and Dwight Evans. At that time Mr. Wilkinson presented me with a check in the

amount of Eleven Thousand Five Hundred Dollars ($11,500.00) in payment of my March 21, 1980 bill leaving a balance due of Seventy Dollars ($70.00). Along with the check Mr. Wilkinson presented me with a Waiver of Lien form to sign as a receipt for the moneys received. I signed the Lien Waiver form and dated it March 28, 1980.

All parties at the meeting agreed that the Waiver of Lien was for work performed prior to March 21, 1980 and that the Waiver of Lien would have no effect on work performed after that date.

I have received no payments for work done after March 21, 1980. The total amount owed to me for work performed after March 21, 1980 is Twenty-Seven Thousand Seven Hundred Ninety-Five Dollars and Twenty-Five Cents ($27,795.25).

*/s/ Amos Enderlin*

*/s/ D. E. Evans*

On November 24, 1982, judgment was rendered against Wilkinson in the sum of $30,505.26, plus interest. That judgment has also been appealed from. On February 24, 1982, a judgment was entered declaring the entirety of the aforementioned judgment to be a lien against the real property owned by appellants. From the latter judgment, this appeal is taken, contending essentially that a genuine issue of material fact existed as to the amount of the judgment that could be a lien against the appellants' real estate.

We hold that summary judgment was inappropriate and reverse and remand for a trial.

The appellee executed the following Partial Waiver of Lien:

Whereas, the undersigned, Enderlin Contracting Co. has been employed by the Wilkinson Brothers Construction Company to furnish labor, equipment, and/or materials . . .

NOW, THEREFORE, for and in consideration of $11,500.00 and other valuable considerations, . . . the undersigned does hereby waive and release any and all lien or right of lien . . . on account of labor or materials, or both, furnished to this date by the undersigned to or on account of the Wilkinson Brothers Construction Company . . . given under my hand and seal the 27 day of March, 1980.

/s/ *Amos Enderlin*

/s/ *D. E. Evans*

We find that the partial waiver of lien speaks for itself, and appellees' affidavit contradicts it directly. This is in violation of the Parol Evidence Rule. The affidavit constitutes extrinsic evidence which is inadmissible to vary, contradict, or add to the terms of a written instrument. *McCormick,* Law of Evidence, § 211 at 430; *Arkansas Rock and Gravel Co.* v. *Chris-T-Emulsion,* 259 Ark. 807, 536 S.W.2d 724 (1976); *Gainer* v. *Tucker,* 255 Ark. 645, 502 S.W.2d 636 (1973). Enderlin's attempt to utilize the affidavit in question presents a classic set of circumstances for application of the Parol Evidence Rule.

The case of *Hoffman* v. *Late,* 222 Ark. 395, 260 S.W.2d 446 (1953), cites the following rule:

It is the accepted present-day view that the parol evidence rule is not really a rule of evidence but is instead a rule of substantive law. Wigmore on Evidence (3d Ed.), § 2400; Williston on Contracts (Rev. Ed.), § 631; Rest., Contracts, § 237; 4 Ark. L. Rev. 168. Wigmore puts it, *supra:* "What the rule does is to declare that certain kinds of facts are legally ineffective in the substantive law; and this of course (like any other ruling of substantive law) results in forbidding the fact to be proved at all." The practical justification for the rule lies in the stability that it gives to written contracts; for otherwise either party might avoid his obligation by testifying that a contemporaneous oral agreement

released him from the duties that he had simultaneously assumed in writing.

The record is clear that there is a genuine issue as to a material fact remaining to be decided and the trial court should have refused to grant the summary judgment. In addition, the trial court considered the affidavit in its decision to grant summary judgment which was in violation of the Parol Evidence Rule.

Reversed and remanded.

MAYFIELD, C.J., concurs.