PEOPLE, *for use of* HARLEY, *v.* HENDRIE.

1. LICENSES—BLUE-SKY LAW—TENDER.
    To recover purchase price of corporate stock sold in violation of blue-sky law, purchaser must make tender of stock as provided by statute (2 Comp. Laws 1929, § 9788).

2. SAME—TENDER IN COURT TO DEALER'S SURETY INSUFFICIENT.

In action against surety only on dealer's bond to recover purchase price of corporate stock sold in violation of blue-sky law, tender of stock in court to defendant was insufficient compliance with statute; intent of statute being that tender be made to seller (2 Comp. Laws 1929, § 9788).

3. SAME—EVIDENCE—PRIOR JUDGMENT—TENDER IN COURT.

In action against surety only on dealer's bond to recover purchase price of corporate stock sold in violation of blue-sky law, motion for leave to tender in evidence record of judgment in prior action against dealer, made after court's opinion was filed, for purpose of showing tender of stock in court to dealer, *held*, properly denied, where no claim was made that tender had been made in fact; judgment at most being only *prima facie* evidence of tender (2 Comp. Laws 1929, § 9788).

4. SAME—TENDER—PREPONDERANCE OF EVIDENCE.

In action against surety only on dealer's bond to recover purchase price of corporate stock sold in violation of blue-sky law, finding of trial court that no tender of stock to dealer had been made, *held*, not against preponderance of evidence (2 Comp. Laws 1929, § 9788).

Appeal from Wayne; Runnels (Herbert W.), J., presiding. Submitted April 18, 1933. (Docket No. 63, Calendar No. 37,134.) Decided June 5, 1933. Rehearing denied August 29, 1933.

Assumpsit by People of the State of Michigan, on the relation and for the use of Edith N. Harley, against George S. Hendrie and others, individually and as copartners doing business as Hendrie, Hall & Murphy, and Western Casualty & Surety Company, a foreign corporation, surety, to recover purchase price of corporate stock sold in violation of blue sky law (2 Comp. Laws 1929, § 9769 *et seq.*). Judgment for defendant surety. Plaintiff appeals. Affirmed.

*McLeod, Fixel, Abbott & Fixel* (*Arthur J. Abbott* and *Thomas J. Rafferty,* of counsel), for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant surety.

FEAD, J.  The action is to recover $4,400, the purchase price paid by plaintiff to Hendrie, Hall & Murphy, licensed dealer in securities, under the blue sky law, so-called (2 Comp. Laws 1929, § 9769 *et seq.*), on sale of corporate stock which had not been accepted for filing by the Michigan securities commission.  Defendant is surety on the dealer's bond, the condition of which is:

"The said Hendrie, Hall & Murphy and all salesmen registered by him shall faithfully comply with the provisions of Act No. 220, Pub. Acts 1923, as amended."

Defendant had judgment on trial before the court without a jury.  The controlling question is with reference to tender back of stock as a requisite to recovery.

2 Comp. Laws 1929, § 9788, provides that in case of sale contrary to the law the sale "shall be voidable at the election of the purchaser," and the seller or his agent shall be liable to the purchaser for the full amount paid by him "upon tender to the seller or in court of the securities sold or of the contract made."

It is not disputed that to recover the purchase price the purchaser must make tender of the securities as provided by statute.  *Vogler* v. *Gustin,* 257 Mich. 475.  It is not disputed that if tender was properly made defendant is liable on the bond.

Plaintiff made tender in court to defendant in this suit, and contends it was sufficient to charge defendant, although no tender had been made to the dealer and the latter is not a party to this action. The statute sets up a specific right of recovery upon specific conditions.  Rescission is a personal matter

between the contracting parties. The privilege of tender "in court" is purely statutory. As section 9788 covers the rights and remedies of the purchaser against the seller, and makes no reference to a remedy upon the seller's bond, it is clear the legislature intended that tender "in court" be made in an action against the seller. The court was right in holding tender in court insufficient in an action against the surety only on the seller's bond.[1]

The court found as a fact that no tender had been made to the dealer. Plaintiff adduced no evidence that such tender had been made. Plaintiff's testimony was that, immediately on her purchasing it, the stock was delivered to a bank, which held it as security for her loan continuously until it was withdrawn for the purpose of making tender in the instant suit. The affirmative testimony and all the inferences from the evidence support the finding of the court.

For evidence of tender, plaintiff relies wholly upon the record of a summary judgment taken by plaintiff against the dealer. The judgment was not pleaded by plaintiff nor introduced in evidence, but was alleged in defendant's answer in order to restrict the amount of recovery if liability was shown. After the court had filed its opinion, plaintiff sought to reopen the case and introduce the judgment entry and seeks in this court to have it considered in evidence. Neither offer was accompanied by claim, verified or otherwise, that tender had been made in fact. The court did not err in denying the motion, nor would we grant it.

However, if the judgment were in evidence, it would not help plaintiff. It is in the ordinary form of judgment taken when the defendant was not

---

[1] The dealer was not served with process in this case.—REPORTER.

present, but contains the recital stated that tender of the stock was made in court. The recital adds nothing to what would be inferred from the fact of judgment, which is before the court on defendant's pleading.

The judgment is at most only *prima facie* evidence of tender to the dealer. *Sauer* v. *Detroit Fidelity & Surety Co.,* 237 Mich. 697 (51 A. L. R. 1485). The *prima facie* case so made must be balanced against the evidence taken upon the instant trial. In view of plaintiff's own testimony of custody of stock and the lack of claim by her or her counsel that the tender of stock was made in fact in court in the suit against the dealer, we cannot say that the finding of no tender was against the preponderance of the evidence.

Plaintiff, having failed to show existence of the conditions of liability of the dealer for the purchase price of stock, is not entitled to recover on the bond.

Judgment affirmed, with costs.

McDonald, C. J., and Clark, Potter, Sharpe, North, Wiest, and Butzel, JJ., concurred.