CENTRAL INVESTMENTS *v.* POLK.

5-3509                                                          388 S. W. 2d 381

Opinion delivered March 15, 1965.

[Rehearing denied April 19, 1965.]

*Shackleford & Shackleford,* for appellant.

*Paul K. Roberts,* for appellee.

SAM ROBINSON, Associate Justice. On December 29, 1961, this suit was filed in the Bradley Circuit Court by

appellees, Norman and Kay Polk, to recover $1,000 paid to the defendants as the purchase price of certain corporate stock. The suit was brought under provisions of the Securities Act of 1959, Ark. Stat. Ann. § 67-1256 (1947). Paragraph "e" of this section provides: "No person may sue under this section more than two years after the contract of sale . . ."

All of the defendants moved to quash service of summons, alleging that the Bradley Circuit Court had no jurisdiction of the parties. In addition, the defendant, Central Investments, Inc., among other defenses, pleaded the statute of limitations. There was a verdict and judgment for the plaintiffs. Defendants have appealed. Several points are argued, but we reach only the question of whether the cause of action is barred by the aforesaid statute of limitations.

When the suit was filed in the Bradley Circuit Court summons was issued for each defendant, including Central Investments, Inc., and directed to the Sheriffs of Union and Nevada Counties. No summons was placed in the hands of the Sheriff of Bradley County. The individuals against whom suit was filed and officers of the defendant corporation live in Union and Nevada Counties and were served with summons in those counties.

The contract for purchase of the corporate stock was made in January, 1960. The suit can not be maintained if commenced more than two years after the date of the contract. Here, the two year period expired in January, 1962. The question is whether suit was commenced within the meaning of the statute prior to that time.

On the 25th day of May, 1962, appellants had a new summons issued for Central Investments, Inc. by the Bradley Circuit Court, directed to the Sheriff of Bradley County. On that same date, the sheriff of that county served summons on J. E. Goodwin, Manager of the Warren Motel, owned and operated by Central Investments, Inc. There is no question about the validity of the service on Goodwin as a proper agent of Central.

The question is whether, in the circumstances, the suit against Central was commenced within the two year period allowed by statute. Of course if the cause of action against Central is barred by statute, the judgment against the other defendants cannot stand because Central was the only defendant served with summons in Bradley County. Ark. Stat. Ann. § 27-615 (Repl. 1962).

Ark. Stat. Ann. § 27-301 (Repl. 1962) provides: "A civil action is commenced by filing in the office of the clerk of the proper court a complaint and causing a summons to be issued thereon, and placed in the hands of the sheriff of the proper county or counties . . ." If suit was not commenced against Central on December 29, when the complaint was filed and summons placed in the hands of the Sheriffs of Union and Nevada Counties, it is barred because more than two years had expired when a new summons was issued and placed in the hands of the Sheriff of Bradley County.

The suit filed in Bradley County was on a transitory cause of action. To give the Bradley Circuit Court jurisdiction of the parties it would be necessary to serve one of the defendants in Bradley County. Neither the Sheriff of Union nor Nevada County was the proper officer to serve summons in Bradley County. Hence, the summons was not placed in the hands of the sheriff of the proper county; there was no commencement of the action within the meaning of the statute. *Wilkins* v. *Worthen,* 62 Ark. 401, 36 S. W. 21; *Sims* v. *Miller,* 151 Ark. 377, 236 S. W. 828.

When summons was obtained and placed in the hands of the sheriff of the proper county—Bradley County—the time in which this kind of action could be brought had expired.

Reversed and dismissed.