WELLS v. HILL.

5-3643                                              396 S. W. 2d 946

Opinion delivered November 15, 1965.

[Rehearing denied January 10, 1966.]

Bruce Bennett, Attorney General and Russell & Hurley, for appellant.

Warner, Warner, Ragon & Smith, for appellee.

FRANK HOLT, Associate Justice. This is an action to enforce liability on certain securities posted in lieu of a corporate surety bond.

- On December 21, 1960 the Securities Commissioner of the State of Arkansas duly registered Trustworthy Investment Association, Inc. as a broker-dealer and Aubrey L. Andrews as one of its agents. This authorization expired December 21, 1961 and was not renewed by the Securities Commissioner.

On June 19, 1963 appellee was awarded a default judgment against Aubrey L. Andrews based upon his wrongful conduct in the sale of certain stock. Neither the Securities Commissioner nor Trustworthy was made a party to the action against Andrews.

When this default judgment was not paid by Andrews the present action, a writ of garnishment, was instituted by appellee on May 5, 1964 against the appellant Securities Commissioner alleging that he had in his possession certain securities deposited by appellant Wells on behalf of Trustworthy and Andrews in lieu of a corporate surety bond in conformity with Act 254 of 1959. The commissioner resisted the garnishment.

Appellant Wells filed a petition to intervene in the garnishment proceeding alleging ownership of the securities that had been posted with the Securities Commissioner in lieu of bond. Wells also alleged that he had made repeated demands upon the commissioner to release his securities to him and that the bond, in lieu of which the securities were posted, is no longer in effect nor subject to the present garnishment action. The petition to intervene was granted and appellee filed a response controverting the allegations. Upon a hearing the chancery court overruled a motion, based upon a two-year statute of limitation, to quash the garnishment. The chancery court dismissed the intervention holding that the judgment of appellee was a lien upon appellant Wells' securities in the hands of the appellant commissioner.

For reversal appellants rely, *inter alia,* upon the two-year statute of limitation as provided in § 4(e) of Act 254 of 1959. This section requires that broker-dealers and agents post corporate surety bonds or in lieu thereof appropriate cash or securities. It further provides that:

"* * * Every bond shall provide that no suit may be maintained to enforce any liability on the bond unless brought within two (2) years after the sale or other act, upon which it is based."

A civil suit to recover the purchase price of the security or for damages for wrongful conduct, also, is limited to two (2) years after the contract of sale. Ark. Stat. Ann. § 67-1256 (Supp. 1963); *Central Investments, Inc.* v. *Polk,* 239 Ark. 165, 388 S. W. 2d 381. Thus, the statute plainly requires that any action *on the bond* must be brought within two years from the date of the sale or act upon which the suit is based.

The present record does not disclose the date of the sale transaction which resulted in the default judgment. However, the authority of Trustworthy to operate as a broker-dealer, including its authorized agents, ceased to exist on December 21, 1961. According to the commissioner, Andrews' license as an agent would have expired on March 1, 1962 if his authorization as an agent of Trustworthy had not ceased on December 21, 1961. Whether we consider either date as the cessation of Andrews' authority as a licensed agent, it is obvious that the two-year statute of limitation upon the bond is a bar to this action. This is true because it was not until May 5, 1964, the issuance of garnishment, that any action was brought to enforce liability upon the securities posted in lieu of the required bond. The legislature retained this period of limitation in a 1961 amendment to the Securities Act. Act 248 of 1961 [Ark. Stat. Ann. § 67-1238 (Supp. 1963)]. We see no valid distinction between a corporate surety bond and securities posted in lieu thereof in the application of this statute of limitation.

Reversed and remanded with directions to enter a decree not inconsistent with this opinion.