PACIFIC INSURANCE COMPANY OF NEW YORK
*v.* ANNA BELLE MARTIN

5-4234                                    414 S. W. 2d 594

Opinion delivered May 15, 1967

[Rehearing denied June 5, 1967.]

*House, Holmes & Jewell;* By: *Don F. Hamilton,* for appellant.

*White & Young, James K. Young,* for appellee.

CONLEY BYRD, Justice. Appellant, Pacific Insurance Company of New York, was the corporate surety bondsman, pursuant to Ark. Stat. Ann. § 67-1238 (Repl. 1966), for M & M Securities Company, Inc., a bonded and licensed securities broker under Act 254 of 1959 (Ark. Stat. Ann. §§ 67-1235—67-1262 (Repl. 1966). Pacific appeals from a judgment in favor of Anna Belle Martin for $1,838, together with 6 per cent interest and $500 attorney's fee taxed under Ark. Stat. Ann. § 67-1256 (Repl. 1966). The basis of appellee's judgment was that an agent of M & M Securities Company, Inc., misrepresented the value of 2,000 shares of stock in Allied Companies, Incorporated, which he exchanged with appellee for 1,838 shares of First Security Life Insurance Com-

pany common stock. Judgment by default was entered against M & M.

For reversal, appellant alleges that the court erred in admitting appellee's testimony as to the value of the First Security stock; that on the record the trial court should have granted a judgment notwithstanding the verdict for $385.98, the value placed upon the First Security stock by appellant's expert witness; and that the trial court erred in awarding an attorney's fee because no tender of the stock was made to the dealer, M & M Securities Company, Inc., prior to entry of the judgment. The first two interrelated issues will be discussed together.

The testimony shows that appellee, a lady 53 years of age with a tenth-grade education and a farmer by experience, had had no practical experience with securities such as stocks; and that on January 14, 1964, she owned 1,838 shares of First Security common stock which she traded to M & M for 2,000 shares of Allied. When asked what she paid for the stock, she stated $1,-838, but this answer was struck from the record by the trial court. Thereafter the only testimony about the value of the First Security stock was her testimony that the agent for M & M represented to her that it was worth $1 per share, whereas the Allied stock was worth $1.15 per share—i. e., that her First Security stock was worth $1,838 but that the Allied stock which she was receiving was worth over $2,000. Appellee also testified that the Allied stock was then of absolutely no value. There was no cross-examination of appellee.

Dayton Covington, a stock broker with Trulock & Company, Inc., of Little Rock, was called as an expert witness by appellant. He testified, based upon two over-the-counter transactions of First Security stock, that the stock sold for 20 cents and 21 cents per share. His opinion was that on January 14, 1964, a share of First Security common stock was not worth more than 21 cents.

While we have held that an owner's testimony on value of personal property is competent evidence, *Pettit* v. *Kilby*, 232 Ark. 993, 342 S. W. 2d 93 (1961), it is seen that in this case appellee did not pretend to know the value of her First Security stock. Therefore, we must agree with appellant that there was no competent testimony here to show that the value of the 1,838 shares of First Security stock was in excess of that testified to by Mr. Dayton Covington. Upon this state of the record, we hold that the trial court should have granted appellant judgment notwithstanding the verdict for $385.98.

Appellant contends that the trial court erred in awarding an attorney's fee under Ark. Stat. Ann. § 67-1256, *supra,* because no tender of the Allied stock was made to M & M, the stock dealer, prior to the entry of the judgment. In making this contention, appellant relies on *People ex rel. Harley* v. *Hendrie,* 263 Mich. 613, 249 N. W. 12 (1933). The Michigan court decision is based upon 2 Comp. Laws of Mich. 1929, Ch. 188, § 9788, which provides that in case of sale contrary to law the sale shall be voidable and the person making such sale ". . . shall be jointly and severally liable to such purchaser, *upon tender to the seller or in court of the securities sold. . .,* for the full amount paid by such purchaser." (Emphasis supplied.)

Our statute with respect to the allowance of attorney's fee and a tender, Ark. Stat. Ann. § 67-1256, *supra,* provides as follows:

"(a) Any person who

\* \* \*

"(2) offers or sells a security by means of any untrue statement. . . is liable to the person buying the security from him, who may sue either at law or in equity to recover the consideration paid for the security, together with interest at six per cent [6%] per year from the date of payment, costs,

and *reasonable attorneys' fees,* less the amount of any income received on the security, *upon the tender of the security and any income received on it,* or for damages if he no longer owns the security. "(c)   Any tender specified in this section may be made at any time before entry of judgment." (Emphasis supplied.)

\*   \*   \*

With reference to the tender, the record shows that appellee's counsel mailed the Allied stock to appellant's counsel on October 26, 1966, and it was returned to appellee's counsel on October 27, 1966; that on October 28, 1966, counsel for appellee attempted to file the stock with the clerk of the court in which the action was pending; and that on November 1, 1966, the clerk returned the stock certificate to counsel for appellee. While the record shows that the judgment was dated October 27, 1966, it was entered nunc pro tunc on November 7, 1966. In view of the fact that M & M, the securities dealer, wholly defaulted and made no appearance in the litigation, we hold that under the circumstances here the foregoing was a sufficient tender to permit the allowance of attorney's fee under Ark. Stat. Ann. § 67-1256, *supra.*

Therefore, we hold that the trial court should have entered a judgment notwithstanding the verdict for the amount of $385.98, together with interest and attorney's fee. If appellee, before the issuance of the mandate herein by the clerk, enters a remittitur for the difference between the principal sum of $385.98 plus interest and the sum of $1,838 plus interest allowed by the trial court, the judgment will be affirmed. Otherwise the matter will be reversed and remanded for a new trial.

HARRIS, C. J., not participating.