ANNA BELLE MARTIN V. PACIFIC INSURANCE COMPANY OF NEW YORK

4628                                              431 S.W. 2d 239

Opinion Delivered September 9, 1968

*James K. Young* for appellant.

*House, Holmes & Jewell,* by *Don F. Hamilton* for appellee.

CONLEY BYRD, Justice.    The issue on this appeal is whether fraudulent concealment of a misrepresentation of the value of stock will toll the two-year statute of limitations, Ark. Stat. Ann. §§ 67-1238 and 67-1256 (Repl. 1966), on the surety bond required by section 67-1238.

In the first appeal of this case, *Pacific Ins. Co. v. Martin,* 242 Ark. 621, 414 S.W. 2d 594 (1967), Martin

contended that she had traded 1,838 shares of First Security Life Insurance Company stock, worth $1.10 per share, for 2,000 shares of Allied stock upon the false representation of M & M Securities Company, Inc., that the Allied stock was worth $1.15 per share when in fact the Allied stock had no value. M & M defaulted in that suit, but its corporate surety, Pacific Insurance Company, adduced proof that the First Security stock was worth only 20 to 21 cents per share at the time of the purchase of the Allied stock. We reversed that appeal because of insufficient evidence to sustain a verdict for $1,838.

Upon remand Martin amended her complaint to allege that M & M through its employees on June 20, 1963, sold to her 1,838 shares of First Security stock for $1,838 upon the representation that the stock was worth $1 per share, when in truth the 1,838 shares were worth only $300; that on January 14, 1964, M & M while falsely representing to her that her First Security stock was worth $1.10 per share, induced her to trade her 1,838 shares of First Security stock for 2,000 shares of Allied Company, Inc., stock upon the false representation that the 2,000 Allied shares were of the same value as the 1,838 shares of First Security stock; that the Allied stock was valueless; and that because of the fraud of M & M, she did not learn of the false representation of the value of the First Security stock until February 18, 1966, when she was advised of the true value of the stock by attorneys for appellee Pacific Insurance Company.

Upon Pacific's motion the trial court granted summary judgment holding that the First Security transaction was barred by the two-year statute of limitations contained in §§ 67-1238 and 67-1256, *supra*.

Section 67-1238(e) provides:

"The Commissioner shall require registered broker-dealers . . . to post corporate surety bonds

. . . Any appropriate deposit of cash or securities . . . shall be accepted in lieu of any corporate surety bond required. Such deposits of cash or securities shall not be withdrawn until two (2) years after the last effective date of registration. Every bond shall provide for suit thereon by any person who has a cause of action under this act [§§ 67-1235—67-1262] . . . Every bond shall provide that no suit may be maintained to enforce any liability on the bond unless brought within two (2) years after the sale or other act, upon which it is based . . ."

Section 67-1256 provides:

"(a)  Any person who

(1)  . . .

(2)  offers or sells a security by means of any untrue statement of a material fact . . . is liable to the person buying the security from him . . .

(e)  No person may sue under this section more than two (2) years after the contract of sale . . .

(h)  The rights and remedies provided by this act are in addition to any other rights or remedies that may exist at law or in equity, but this act does not create any cause of action not specified in this section or section 4(e) [§ 67-1238(e)]."

When the statutes are construed together, it is obvious that the liability provisions of the bond are coterminous with the liability provisions of § 67-1256, *supra*. See Commissioner's Note to § 202 (e) of the Uniform Securities Act, Vol. 9C Uniform Laws Annotated, p. 93. In other words, as we read the statutes and the Commissioner's Notes to the Uniform Securities Act, the bond required by section 67-1238(e) stands as security only for the civil liability created by section 67-1256.

Can the liability under section 67-1256 be extended by fraudulent concealment of an untrue statement to such time as the untruth of the statement is discovered? We hold that it can not, but that suit must be brought within two years from the date of purchase of the securities. Obviously the drafters of the statute, in creating new civil rights, could place any limitation they might desire upon the rights thus created. Here the drafters were dealing with matters that would certainly not be discovered at the time of the sale of the securities, and yet the drafters limited the time in which to bring a cause of action, on the rights thus created, to two years from the date of sale. We doubt that words could be chosen that would more clearly exclude the fraudulent concealment exception usually applied to statutes of limitation.

The trial court properly held that Martin's cause of action against M & M's surety bondsman on the First Security transaction was barred by the two-year limitation period from the date of sale. However, the two-year limitation in section 67-1256 has no effect upon Martin's common law action against M & M recognized in *City National Bank* v. *Sternberg,* 195 Ark. 503, 114 S.W. 2d 39 (1938). See Ark. Stat. Ann. §67-1256(h) (Repl. 1966).

Affirmed.