52 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 SCHOOL EMPLOYEES CREDIT UNION, a Kansas Credit Union
Corporation, Plaintiff-Appellant,
v.
NATIONAL UNION FIRE INSURANCE COMPANY, Defendant-Appellee.
SCHOOL EMPLOYEES CREDIT UNION, A Kansas Credit Union
Corporation, Plaintiff,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,
PENNSYLVANIA, a Corporation organized and
operating under the laws of the State of
Pennsylvania,
Defendant-Third-
Party-
Plaintiff-Appellant,
v.
SWINK & COMPANY, INC., Timothy Gibbons, Jim Swink, Bob
Blackwood, Gary Granger, Louis Pagillo, Robert
Sheddy, Morgan Magness, Third-Party-Defendants,
and
Randy Hall, Frank Scott, Eldon Milburn, Violet Ross, Robert
Johnson, Jim Tinsley, Bill Kincaid, Lester Lawson, Gloria
Willis, R.W. Raines, William W. Boone, Carol Adam, Jerry
McCloud, Reminta King, Third-Party-Defendants-Appellees.
 Nos. 93-3402, 94-3008.
 United States Court of Appeals, Tenth Circuit.
 April 7, 1995.
 
 1
 D.Kansas, D.C. No. CV 91-2075-KHV.
 
 
 2
 D.Kan., 839 F.Supp. 1477.
 
 
 3
 AFFIRMED.
 
 
 4
 Before ANDERSON, and TACHA, Circuit Judges, and CAMPOS, District Judge.[1]
 
 
 5
 ORDER AND JUDGMENT*
 
 
 6
 CAMPOS, District Judge.
 
 
 7
 In appeal No. 93-3402, Plaintiff-Appellant School Employees Credit Union ("SECU") appeals the district court's grant of summary judgment in favor of Defendant-Appellee National Union Fire Insurance Company ("NUFI") on the issue of whether SECU could recover its investment losses directly from NUFI, which losses were allegedly caused by NUFI's insured, securities broker Swink & Company, Inc. ("Swink"). We review the granting of a summary judgment motion de novo, applying the same standards used by the district court. Urban v. King, 43 F.3d 523, 525 (10th Cir.1994). We affirm.[2]
 
 
 8
 Jurisdiction. When these appeals were filed, it was not clear that the third party claims against some of the Third Party Defendants had been disposed of by the district court. After this Court notified the parties of the apparent jurisdictional defect pursuant to the practice adopted in Lewis v. B.R. Goodrich Co., 850 F.2d 641, 645 (10th Cir.1988), the district court in a January 18, 1994 "Judgment in a Civil Case" granted certification under Rule 54(b), Fed.R.Civ.P. It found that there were multiple parties and multiple claims involved in the case, that the orders from which SECU and NUFI had appealed did not dispose of all parties and all claims, and that there was no just reason for delay. It directed the entry of final judgment on the orders from which the parties had appealed. As a result, this Court now has jurisdiction under 28 U.S.C. Sec. 1291.
 
 
 9
 Discussion. NUFI was the insurer of Swink under a "Securities Dealer Blanket Bond," a fidelity bond purchased by Swink pursuant to Ark.Code Ann. Sec. 23-42-305(b)(1). SECU's Complaint against NUFI alleged that from October 1986 until April 1987, Swink caused substantial losses to SECU by churning SECU's account and making inappropriate investments.
 
 
 10
 SECU sued Swink for securities fraud. Shortly thereafter Swink declared bankruptcy. This triggered an automatic stay. SECU then demanded that NUFI pay its losses under the Swink fidelity bond. After NUFI refused, SECU brought this action. Eventually, SECU dismissed its lawsuit against Swink.
 
 
 11
 The court below held that under Arkansas law, SECU could not maintain an action against NUFI on Swink's fidelity bond. School Employees Credit Union v. National Union Fire Ins. Co. of Pittsburgh, Pa., 839 F.Supp. 1477, 1482-83 (D.Kan.1993). The district court examined the language of the bond itself, compared it with the language of the standard blanket bond referred to in Sec. 305(b)(1), and noted that both expressly disallow a direct suit by third parties. Indeed, it is this very feature that distinguishes a fidelity bond from a surety bond. Generally, a surety bond indemnifies third parties against losses caused by the insured, whereas a fidelity bond indemnifies an insured against losses caused by its own employees and only after the insured has paid a third party. School Employees, 839 F.Supp. at 1479-80. The district court engaged in a lengthy and detailed statutory interpretation and analysis of the legislative history of Sec. 305 and concluded that the legislature did not intend to create by implication a direct right of action on a fidelity bond. Id. at 1481-82. We believe the district court correctly analyzed the issue presented in this appeal.[3]
 
 Three matters deserve brief mention:
 
 12
 First; SECU argues that the district court incorrectly perceived its argument. SECU maintains that it is not suing NUFI "on" the fidelity bond, but rather merely attempting to collect its damages under Sec. 106 of the Arkansas Securities Code from the proceeds of the fidelity bond posted by Swink pursuant to Sec. 305. The district court correctly perceived that despite its artful phraseology, SECU in effect was suing NUFI directly on or under the fidelity bond.[4]
 
 
 13
 Second; the district court did not include in its analysis two Arkansas Supreme Court cases argued below and in this appeal. Both cases decided issues under former versions of Sec. 305 and so deserve mention. In Wells v. Hill, 396 S.W.2d 946 (Ark.1965), a person injured by a securities broker obtained a default judgment against the broker and then brought a garnishment action to collect his judgment from securities posted with the commissioner in lieu of a surety bond. The court applied the same statute of limitations to the garnishment action as would have applied to the action against the broker. In Martin v. Pacific Ins. Co. of New York, 431 S.W.2d 239 (Ark.1968), a customer of a securities broker proceeded directly against the issuer of the broker's corporate surety bond. We believe that neither of these cases suggests that the Arkansas legislature intended or that the Supreme Court of Arkansas would imply a direct action against the issuer of a fidelity bond. The plaintiff in Wells had not attempted to recover his damages from the posted securities until after a successful direct suit against the wrongdoer. Martin involved a surety bond, not a fidelity bond, and so a direct suit against the issuer would be expected.
 
 
 14
 Third; after appellate briefing was completed, SECU presented this Court with supplemental authority from the Arkansas Supreme Court pursuant to Rule 28(j), Fed.R.App.P. American Ins. Co. v. Cazort, 871 S.W.2d 575 (Ark.1994). SECU contends that this recent case provides support for its argument that Sec. 305 makes the proceeds of all bonds, including fidelity bonds, available as security (or "indemnity") from which damages awarded under Sec. 106 may be collected directly from the insurer. To the contrary, Cazort held that despite Sec. 305(a)(4)'s provision for direct suit on the bond in question, an arbitration requirement that was not contained in the bond would be imposed because:
 
 
 15
 [t]he statute does not give an investor a right of direct action against the indemnitor without regard to the principal's liability.
 
 
 16
 Id. at 580. Cazort is not of assistance to SECU in this case.
 
 
 17
 We have carefully considered the parties' arguments and the district court's legal analysis. We now affirm for substantially the reasons set forth in the district court's Memorandum and Order.
 
 
 
 [1]
 The Honorable Santiago E. Campos, Senior United States District Judge for the District of New Mexico, sitting by designation
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In companion appeal No. 94-3008, NUFI appeals from the district court's dismissals of its Third Party Complaint claims for indemnification and/or equitable subrogation against Randy Hall, SECU's comptroller, and against the directors and supervisory committee members of SECU. Randy Hall opened SECU's account with Swink allegedly without authorization and kept its existence secret; the directors and supervisors allegedly negligently failed to supervise Hall. Because we affirm the summary judgment in favor of NUFI on the underlying claim, the companion appeal is moot
 
 
 [3]
 It may have been preferable to have left the interpretation of this Arkansas state statute to the Arkansas Supreme Court. It is unfortunate indeed that Arkansas lacks a certification procedure. See Lehman Bros. v. Schein, 416 U.S. 386, 391-92 (1974) (resort to available certification procedure not obligatory, but may be appropriate in case with novel question of unsettled state law); Gill v. General Am. Life Ins. Co., 434 F.2d 1057, 1061 (8th Cir.1970) (Arkansas should adopt certification procedure)
 
 
 [4]
 Even Foster v. National Union Fire Ins. Co. of Pittsburgh, Pa., 902 F.2d 1316 (8th Cir.1990), relied on heavily by SECU, speaks in terms of suing "on the bond" and "under the bond." Id. at 1318, 1320