STATEMENT BY THE COURT.
This appeal is prosecuted from a judgment for damages rendered against appellant for the wrongful conversion of certain articles of furniture and household furnishings sold by him to appellee under contracts retaining the title until full payment of the purchase price.
The complaint alleged that appellee was the owner and in possession of the property described in the complaint, and that, on or about May 15, she stored with the appellant certain of the property, setting forth the items thereof, of the value of $336; that afterwards she left the city of Pine Bluff for the summer, and did not return until November 16, 1925; that during her absence appellant, without her consent or knowledge, acquired the property described in her complaint, and wrongfully converted it to his own use, and also that the property consisted *Page 978 
of household goods which had been in use by the plaintiff, and appellant knew, at the time of his conversion thereof, the reasonable rental value of same was $20 per month.
Appellant denied the material allegations of the complaint and that he had wrongfully converted the property, that it had any reasonable rental value at the time of the alleged conversion, and that he had any property whatever belonging to appellee. Alleged that on October 14, 1925, the constable of the township, under an order from the municipal court, duly made in a suit between appellant furniture company against appellee and one H. B. Davis, took possession of the property; and, further, that it had been delivered by him to the appellee under a written contract of purchase, in which it was expressly provided that the title thereto should remain in him until the purchase price had been fully paid. That appellee had failed to pay for the property according to the contract, and, after demand made for the return thereof was refused, he instituted suit for its recovery in the municipal court in the city of Pine Bluff, and especially pleaded the order of the municipal court delivering certain property to him as a bar to any right of recovery against him herein.
It appears from the testimony that appellant made three different sales of furniture and furnishings to appellee, the articles sold at each time being itemized in a written contract of sale and purchase made by him, in which the title was retained in the vendor until the full payment of the purchase price.
Appellee testified, and read a list of the property purchased to the jury, and also a list of the furniture which she had stored with the appellant, totaling $179 in value, which she said was included in the first bill of furniture purchased, and for part of which she owed and for part of which she had settled. That she had left certain of the other property in the possession of Mr. Davis, in her dwelling. This was also described, giving *Page 979 
the value of each article and the total value as $157, all of which had been paid for, she said, and it was included in the first bill purchased. That she had sold Mr. Davis, upon leaving Pine Bluff, $55 worth of the property, with the consent of appellant, who had written up a contract allowing Davis to make payments on this lot of furniture at $10 per month. She said it was understood that these payments would take care of all payments during her absence from the city, and that she had written appellant from each place she visited while away, and also gave the wife of Mr. Davis her address, so they would know where she was, if necessary. That she had written appellant from Arkansas City on September 16, 1925, that she was coming home as soon as possible, and asking him to take care of everything, and she would make it all right when she returned. When she returned she went to appellant to make payment on her furniture, and was told it had already been sold in October. She then visited his attorney, to ascertain what had been done, and made a demand for the property, and brought suit for its conversion. Stated that the aggregate amount of the first lot of furniture purchased was about $175; the first items did not amount to $366.56. She admitted signing the contracts for the purchase, in which the title was retained by the seller until paid for. It seems that the witness purchased about one-half of the first bill of goods before dinner on one day, and was given a pink slip therefor, and selected the rest of it later in the evening, signing the contract then for the entire purchase.
The proceedings in the municipal court in the case for repossession of the property were introduced in evidence, with the judgment rendered against H. B. Davis, the cause having been dismissed upon motion of the plaintiffs against appellee.
Appellant testified about the sale of the furniture to appellee, that she selected about one-half of the first bill one morning and the rest of it after 6 o'clock in the evening, when she was able to leave her work at the store. *Page 980 
The first bill amounted to $366.50, upon which she made a payment of $50, and signed the original contract for the whole amount upon its being delivered to her. The contract was dated March 24, 1923. Another contract for a small bill of goods, $14.25, was introduced in evidence, as were the other contracts for all goods purchased at different times by appellee. He stated that his ledger showed five different sales of furniture to appellee, two or three of them for small amounts, all of them amounting to $613.55; that she had paid thereon, including the $55 allowed as a credit for the furniture she let Davis have, $405, leaving a balance due of $208.55, which had never been paid.
The court instructed the jury, giving requested instruction No. 3, over appellant's objection, as follows:
"You are instructed that while under a contract of conditional sales for a single chattel, or for a number of chattels sold for a lump sum, title will not pass between the vendor and vendee until full payment of the entire contract price, still, if, in the contract, there are separate and distinct articles upon which separate prices are fixed and agreed, such a contract is severable, and installments as paid shall be credited against the items shown on the contract in the order in which they appear, and title to said articles passes to the vendee as such payment's fully pay the prices fixed against said articles." And also in instruction No. 4, allowing the jury to assess damages if they find the property had been converted, its value on the date of conversion, with interest, "together with such sum as you may find from the evidence was the reasonable rental value of the property so converted from the date of its conversion to this date."
The court also amended appellant's requested instruction No. 3, and gave it as amended, over his objection, striking out the last line, "and your verdict should be for the defendant," and inserted in lieu thereof, "damages for the taking of any property which had not been fully paid for"; and from the verdict on the judgment against him for $468.70 this appeal is prosecuted. *Page 981 
(after stating the facts). There is no dispute about the several purchases of furniture and furnishings, that they were made at different times, and a separate written contract, descriptive of the articles purchased and retaining the title thereto in the vendor until the purchase price was fully paid, was executed at the time of the purchase.
Appellant insists, first, for reversal, that the court erred in not holding the account for all the different purchases of furniture made a single account, as charged on appellant's ledger, and an entire contract of purchase, not severable or divisible, under which he had the right to repossess the property at any time so long as any part of the purchase price remained unpaid.
This contention cannot be sustained, however. There were, in fact, several purchases made at different times, and separate written contracts executed with each of such purchases, retaining the title in the vendor of the items described therein until payment in full of the purchase price. There is no expression in these different contracts tending to show any intention of the parties to make of the several purchases but one account or contract of purchase, notwithstanding the same reservation of title was made in each of them. Nor does any one separate purchase of such furniture furnish any consideration for another, so far as any definite expression of an intention of the parties to that effect is concerned. The different purchases of furniture and the written separate contracts therefor, neither furnishing any consideration for the other, cannot be regarded as an entire contract, as contended by appellant, but must be held, as they appear to be, separate contracts.
The court erred, however, in giving appellee's said instruction No. 3. In each of said contracts of conditional sale the title to all the property purchased and described therein was expressly retained until the full *Page 982 
payment of the entire amount of the purchase money, and notwithstanding the different articles purchased were included with the prices designated to be paid for each, the title to all the property described remained in the vendor so long as any part of the purchase money for the whole amount thereof remained unpaid.
The court also erred in giving appellee's requested instruction No. 4, allowing the jury to assess as damages, in addition to the value of the property converted at the time of the conversion, with interest, the rental value of the property converted from the date of the conversion. 8 R.C.L. 486, par. 47; American Soda Fountain Co. v. Futrall, 73 Ark. 464, 84 S.W. 505, 10 Am. St. Rep. 64; Sonsee v. Jones Green, 157 Ark. 131, 248 S.W. 289; Hudson v. Burton, 158 Ark. 619, 250 S.W. 898.
For the errors designated the cause must be reversed, and remanded for new trial. It is so ordered.