Rose Lawn Cemetery Assoc., Inc. *v.* Scott.

5-1647                                          317 S. W. 2d 265

Opinion delivered November 10, 1958.

*Hardin, Barton, Hardin & Garner,* for appellant.

*Warner, Warner & Ragon,* for appellee.

Ed. F. McFaddin, Associate Justice. This appeal involves a strip of land 25 feet wide across the south side of the East Half of the Northeast Quarter of a certain section. The appellees (plaintiffs below) are: (a) the three children of Dr. Cons. P. Wilson (being Lucy Lewis Scott, Jane Wilson Smith, and Cons. P. Wilson III), who claim all his interest in the land; and (b) two sisters of Dr. Cons. P. Wilson, Jr. (being Mrs. Jim C. Wilson Ward and Mrs. Susie C. Wilson Ozment). The appellees, as plaintiffs below, claimed: (a) that they were the owners and entitled to the possession of the land in controversy; and (b) that the defendant had taken possession of the land, erected barricades, and refused to surrender possession. The prayer of the complaint was for a mandatory injunction requiring defendant to remove the barricades and surrender possession.

The defendant — Rose Lawn Cemetery Association, Inc. — denied the plaintiffs' claim of ownership and claimed title in itself to the land in controversy. Trial in the Chancery Court resulted in a decree for the plaintiffs, and the defendant prosecutes this appeal.

I. *Deraignment Of Title.*[1] The plaintiffs had the burden of proving that they were the owners of the land in controversy. The common source of title to the entire eighty acre tract ($E\frac{1}{2} NE\frac{1}{4}$) was Mrs. Mary J. Collins, who devised the eighty acres and other property, one-half to her son, Elias D. Collins, and the other one-half to the four children of her deceased daughter, these children being the grantees in the deed next to be mentioned. Here are the subsequent conveyances after the devise by Mrs. Mary J. Collins:

(1) In 1912 Elias D. Collins conveyed all his interest in the entire eighty acre tract to his co-tenants, being (a) Dr. Cons. P. Wilson, Jr.; (b) Nellie C. Wilson; (c) Jim C. Wilson; and (d) Susie C. Wilson.[2]

(2) In 1916 Dr. Cons. P. Wilson, Jr. conveyed his one-fourth interest in the eighty acre tract to his three co-tenants, being his sisters, Nellie C. Wilson, Jim C. Wilson Ward, and Susie C. Wilson Ozment. In this deed from Dr. Cons. P. Wilson to his sisters, following the description of the eighty acres, there was this language: "EXCEPT a strip of land 25 feet wide off of the south end of said tract, which is reserved as a roadway for use of the parties hereto." The above quoted language is the beginning point of this suit. We will discuss it in Topic III, *infra*.

(3) In 1919 Nellie C. Wilson, Jim C. Wilson Ward, and Susie C. Wilson Ozment (grantees in conveyance No. 2 above) conveyed by general warranty deed to their father, Cons. P. Wilson (Sr.) the entire eighty

---

[1] In addition to the deraignment of title the abstract shows mortgages executed by some of the title holders at various times, but these have no effect on the deraignment of title, and are without significance to the decision herein.

[2] In some places the name is spelled Susie and in others, Susan; but there is no question about the identity.

acre tract (E½ NE¼) without any exception clause as was contained in the conveyance No. 2, *supra*. The effect of this deed is discussed in Topic II, *infra*.

(4) In 1922, for $1.00, Dr. Cons. P. Wilson, Jr., Susie C. Wilson Ozment, and Jim C. Wilson Ward made a deed to Nellie C. Wilson, conveying the East Half Northeast Quarter, "EXCEPT a strip of land 25 feet wide off of the south end of said tract which is reserved as a roadway for use of the parties hereto." We mention this conveyance only to show that it was three years subsequent to the time when Cons. P. Wilson, Sr. had already received a general warranty deed from his three daughters, with no such exception clause as to the 25 foot strip. The 1922 deed between the children of Cons. P. Wilson could not have affected the title that Cons. P. Wilson had already received, since there is no sufficient showing that Cons. P. Wilson, Sr. acquiesced in this 1922 deed.

(5) In 1930 Cons. P. Wilson, Sr. (grantee in conveyance No. 3, *supra*), joined with his daughter, Nellie C. Wilson (being one of the grantors in conveyance No. 3 and being the grantee in conveyance No. 4), conveyed to The United Cemeteries of Arkansas, Inc. by general warranty deed the entire East Half Northeast Quarter without any exception clause as to the 25 foot strip.

(6) In 1952 The United Cemeteries of Arkansas, Inc. and its stockholders conveyed to Fentress & Crane the East Half Northeast Quarter, "EXCEPT a strip of land 25 feet wide off the south end reserved for roadway."

(7) In 1952 Fentress & Crane conveyed to appellant, Rose Lawn Cemetery Association, Inc. the East Half Northeast Quarter, "EXCEPT a strip of land 25 feet wide off the south end reserved for roadway."

(8) In 1957 the stockholders of the United Cemeteries of Arkansas, Inc. (the corporation being dissolved) conveyed to Rose Lawn Cemetery Association, Inc. the entire eighty acres (E½ NE¼) for the purpose of con-

veying whatever had been reserved by the corporation in its deed to Fentress & Crane in conveyance No. 6, *supra.*

II. *The Title Claims Of Mrs. Ward And Mrs. Ozment.* From conveyance No. 3 in the deraignment of title, it is apparent that all of the three sisters of Dr. Cons. P. Wilson (Nellie C. Wilson, Jim C. Wilson Ward, and Susie C. Wilson Ozment, grantees in conveyance No. 2, *supra*) conveyed all of their interest in the entire eighty acres (E½ NE¼) to their father, Cons. P. Wilson (Sr.) in 1919, because that deed had no language of exception. We regard the said conveyance No. 3 as completely disposing of all title claims of the appellees, Mrs. Jim C. Wilson Ward and Mrs. Susie C. Wilson Ozment, because their 1919 deed to their father contained covenants of general warranty which would pass any rights they might then have or might thereafter have acquired in any part of the entire East Half Northeast Quarter. Section 50-404 Ark. Stats.; *Grayson-McLeod Lbr. Co.* v. *Duke,* 160 Ark. 76, 254 S. W. 350; *Hayes* v. *Gordon,* 217 Ark. 18, 228 S. W. 2d 464.

III. *The Title Claims Of The Children Of Dr. Cons. P. Wilson, Jr.* Dr. Cons. P. Wilson, Jr. died in 1932; and whatever interest he had in the eighty acres, *i. e.,* in the exception for the roadway as contained in conveyance No. 2 above, is owned by three of his children, who are some of the appellees herein. Any title claim of the said appellees as children of Dr. Cons. P. Wilson, Jr., must depend on the language their father used in the deed as shown in conveyance No. 2, *supra.* This language was: "EXCEPT a strip of land 25 feet wide off of the south end of said tract which is reserved as a roadway for use of the parties hereto."

The question is whether this quoted language created an easement appurtenant (so as to run with the land), or an easement in gross (so as to be personal to Dr. Cons. P. Wilson and the grantees in conveyance No. 2), and to end with the life of the parties — *i. e.* the grantor and the grantees in the said conveyance No. 2.

The distinction between the two kinds of easements (appurtenant and in gross) has been a frequent source of litigation. See Am. Jur. Vol. 17A, p. 624 *et seq.,* "Easements" § 9 *et seq.*; and see also annotation in 130 A. L. R. 1253 entitled, "Assignability and divisibility of easement in gross or license in respect of land or water." We reach the conclusion that the quoted language created a right personal to the parties to the deed. See *Field* v. *Morris,* 88 Ark. 148, 114 S. W. 206; and *Ft. Smith Gas Co.* v. *Gean,* 186 Ark. 573, 55 S. W. 2d 63. So nothing passed to Dr. Cons. P. Wilson's heirs in the East Half Northeast Quarter. The fact that those heirs thought they acquired something cannot be used to prove their title. The deraignment in Topic I *supra* establishes that they received no title since their father's easement was personal and ended at his death.

The question in this litigation is whether appellees proved their title. There is absent here any substantial claim of adverse possession by appellees or appellant; the only issue is the ownership as between the parties; and the appellees fail to prove their title. Any question of the rights of the general public to a roadway by dedication in any of the conveyances, or in any other way, is outside the purview of this litigation.

The decree is reversed and the cause is remanded, with directions to dismiss the complaint.