PETTIT v. KILBY.

5-2286                                    342 S. W. 2d 93

Opinion delivered January 16, 1961.

*James R. Hale* and *Rex W. Perkins,* for appellant.

*Eli Leflar,* for appellee.

J. Seaborn Holt, Associate Justice. This is a suit in replevin for a diamond ring, a diamond stud pin, certain other diamonds, a wrist watch, and a number of items of household furniture and other personal property. The relevant facts on this appeal show that L. N. Pettit was an elderly traveling salesman whose principal line of goods was selling caskets and as a sideline he dealt in diamonds. During February of 1957, Mr. Pettit employed Flossie Thurman to care for his invalid and mentally incompetent wife, Marie I. Pettit. In November of 1957, his wife was removed from the home to a hospital in Bentonville; however, Flossie Thurman continued to reside in the home of L. N. Pettit. On January 16, 1958, L. N. Pettit, under the name of Lewis Pettit, giving his address as Springfield, Missouri, and the appellant, Flossie Thurman, giving her address as Fayetteville, Arkansas, were married at Enid, Oklahoma. Shortly thereafter, while on a trip to Tulsa, Oklahoma, Mr. Pettit was stricken with a heart attack and taken to a Tulsa hospital where he died on November 23, 1958.

In certain litigation in the Probate Court of Benton County, Arkansas, it was adjudged that Marie I. Pettit was the lawful wife and widow of L. N. Pettit, deceased. An adopted daughter of that union, Roberta Pettit Kilby, was appointed administratrix of the estate. The admin-

istratrix filed the present suit to replevin certain diamonds and other named articles which were in her father's possession at the time of death and which are now in the possession of Flossie Thurman Pettit and which she refused to deliver [upon demand] to the administratrix. A trial was had in the cause and a judgment returned by the jury for the administratrix, Roberta Pettit Kilby. Flossie Thurman Pettit has appealed.

The first three points urged for reversal by the appellant deal with whether there was evidence to sustain the value of certain property. This argument overlooks the fact that the administratrix desires the return of the property itself and not its value. The recovery of possession is the primary object of a suit in replevin and the owner cannot be required to accept its dollar value. Ark. Stats. (1947) § 34-2116; *Schwantz* v. *Pillow,* 50 Ark. 300, 7 S. W. 167. We point out also that there was competent evidence as to the value of the jewelry. The administratrix of the estate, and as sole heir of her father, is the present owner. The testimony of an owner or former owner concerning the value of an object is competent evidence as to its worth. *Phillips* v. *Graves,* 219 Ark. 806, 245 S. W. 2d 394. The appellant does not question the competency of the witness' testimony, but merely complains of the quality of it. A verdict will not be overturned if there is any substantial evidence to support it. *Elkins* v. *Nelson,* 196 Ark. 209, 118 S. W. 2d 287. Here the jury had before it two witnesses as to the value; one a local jeweler and the other the administratrix. Weighing the testimony of these two witnesses was for the jury.

The appellant also complains of certain remarks of the trial judge during the trial of the cause about the introduction and identification of certain exhibits. We have examined these remarks and fail to find they went beyond the bounds of the trial court's discretion, nor do we think they sustain appellant's charge that the trial judge was helping the appellee try her suit.

The appellant also contends that the court erred in refusing to consider and allow a counterclaim of $2,012.63 against the appellee, administratrix, for funeral expenses which the appellant had assertedly paid. In the course of the trial it was stated without contradiction, if indeed it was not actually stipulated, that the appellant's claim for these funeral expenses had been filed in the probate court. The appellant insists, however, that she was also required to assert the claim in the circuit court, since the statute requires that the defendant "must" set out in his answer any grounds of counterclaim or set-off that he may have. Ark. Stats. (1947) § 27-1121.

The court's ruling was correct. The probate court is ordinarily the proper forum for the assertion of a claim for reasonable funeral expenses paid on behalf of the estate. Ark. Stats., § 62-2606. The probate court therefore had jurisdiction to act upon the claim filed therein by the appellant. In these circumstances it was not mandatory that the appellant also assert the claim as a set-off in the circuit court case, and the circuit court properly avoided a conflict of jurisdiction with the probate court. *Askew* v. *Murdock Acceptance Corp.*, 225 Ark. 68, 279 S. W. 2d 557. It is quite apparent, of course, that the circuit court's refusal to consider the claim is without prejudice to the appellant's right to proceed in the probate court.

Finally, it is urged that the court erred in refusing to allow the appellant to inquire about certain conversations with the decedent. Again we do not agree. The attorney for the appellee did not waive the dead man's statute, Schedule to the Constitution of Arkansas § 2, which provides: "In civil actions no witness shall be excluded because he is a party to the suit or interested in the issue to be tried. Provided, that in actions by or against executors, administrators, or guardians in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with or statements of the testator, intestate or ward, unless called to testify thereto by the opposite party. * * *" At no time

did appellee's attorney inquire about conversations and transactions with the deceased. However, the witness did volunteer conversations and the lower court sustained objections to them as not being responsive to the questions asked. In the words of the lower court, "There is a difference in injecting them when a question is asked, and being responsive to the question."

Finding no error, the judgment is affirmed.