Bob WHITE and Doris Sinclair WHITE *v.*
Jack GLADDEN and Carol GLADDEN

CA 82-71                                    641 S.W.2d 738

Court of Appeals of Arkansas
Opinion delivered November 10, 1982
[Rehearing denied December 8, 1982.*]

*COOPER, CORBIN & GLAZE, JJ., would grant rehearing.

*Jeff Duty,* for appellants.

*Claude M. Williams, Jr.,* for appellees.

MELVIN MAYFIELD, Chief Judge. This is an appeal from a non-jury trial in circuit court. The parties made an oral agreement for appellants to lease two rooms for one year in a building owned by appellees. The consideration for the agreement was that appellants would make certain improvements to the building. Appellants moved office furniture and equipment into the two rooms and opened a real estate office. About three months later, the appellees told appellants that the terms of the lease had been violated and that the lease was cancelled. When appellants left the building at the end of the day, appellees changed the locks and locked appellants out.

Separate and apart from the lease, appellants loaned appellees a forklift for use in lifting material to the roof of a house which appellees were either building or repairing.

At the time of trial appellants had removed their property from the building and had regained possession of their forklift. The trial court found that the lease was unlawfully terminated and awarded appellants damages in the amount of $1,157.88 for labor, expenses, and damages to the property left in the building. The court found that the loan of the forklift was a gratuitous bailment, that appellees

were obligated to return the machine upon demand, and that they breached that obligation. Appellants were given damages in the amount of $325.00 for the detention of the forklift and $551.91 for physical damage which occurred to it while in appellees' possession. The court also awarded appellants $500.00 as punitive damages.

In this appeal the appellants question the sufficiency of the $325.00 allowed as damages for detention of the forklift. To determine how the trial judge arrived at this figure we note there was evidence that appellees got the forklift about the middle of January and that appellee Jack Gladden testified he used it "a little bit the latter part of January by putting up lumber on top of my building." He also said he used it "around the first part of February" and testified he used it a total of about five hours. After that he moved it back up the "holler" and got it out of sight of the public.

Shortly after appellants were "locked out" the appellant Bob White wrote Gladden that he was being billed "my standard rental rate of $65.00 per day for each day you maintain possession of said forklift." The court found that this amount constituted a reasonable rate for rent of the machine and said since it was clear the appellees had used it about five hours the appellants should have $325.00 as damages for that use. While the court did not spell it out specifically, it is clear that the evidence would support the finding that the forklift was used by appellees a part of five different days and $65.00 for each day would explain the sum of $325.00. However, since the appellees had possession of the forklift for about 13 months, it is the appellants' contention that they were entitled to $65.00 per day for the entire 13-month period.

The appellants cite *Cullin-McCurdy Construction Co.* v. *Vulcan Iron Works*, 93 Ark. 342, 124 S.W. 1023 (1910), as authority for their contention that they are entitled to rental value during the entire period the machine was detained by appellees. The appellees do not disagree that the value of the use of the property during detention is a proper measure of damage but they say that in the above cited case the party

detaining the equipment made full use of it each and every day during the period of detention.

We think this is an important distinction to be made in this case. As both sides point out, the measure of damages involved has not been litigated recently but in an older treatise, Wells, *Law on Replevin*, § 579 (2d ed. 1907), it is stated that just compensation for the detention of property which has a usable value will, in many cases, be the reasonable value of that use. Footnote 2, however, contains this statement: "In the case of machinery which wears in using, the damages for detention are reckoned at the value of the use, *less the damage which would result from wear in use.*" The case of *Peerless Manufacturing Co. v. Gates*, 61 Minn. 124, 63 N.W. 260 (1895), is cited in support of that statement. That case says:

> [T]he court charged the jury, in substance, that the measure of damage for such detention is the fair rental value of the property during the time it is so detained. While this is the correct rule of damages in many cases, it is not in the case of detention of an article which wears out as rapidly by use as does a threshing machine. It does not appear that the plaintiff used the machine while it so detained it. If it did so appear, the rule laid down would be correct. But, for all that appears, the machine may have been carefully housed and stored during all of this time, and subject to no wear or tear, except such deterioration as would result from keeping it over, properly stored. It seems to us that, under the facts of this case, the correct rule is, what is the fair rental value of the machine, less the damage which would result to it from the extra wear and tear caused by its use?

The *Peerless* case was cited in *Puckett v. Hopkins*, 206 P. 422 (Mont. 1922), where the court said, "The rule that the net usable value may be recovered applies only to a cause involving personal property the use of which does not lessen its value materially."

And in McCormick, *Handbook on the Law of Damages*, § 125 (1935), it is said, "In assessing usable value, it is

the net value that is sought, and, if the property was idle during detention and would have been subjected to wear and tear by use, an allowance for this should be made." The case cited in support of that statement is *Armstrong & Latta* v. *City of Philadelphia*, 249 Pa. 39, 94 A. 455 (1915), which states, "If defendant did not use the property, the deterioration which it would have suffered by use must be deducted from the value of the use."

In the instant case, the only evidence in the record as to the rental value of the forklift is that of appellant Bob White. At his rate of $65.00 per day, appellants would receive more than $23,725.00 as rental value for the 13 months the appellees had possession of the forklift. Appellant White testified the forklift was a used one worth $16,000.00 when he let appellees have it. Under that testimony appellants would recover their $16,000.00 investment and make a profit of $7,725.00 in a period of 13 months. And if the forklift was worth only $9,000.00, the price for which appellant admitted he offered it at an auction sale about a month before he loaned it to appellees, the appellants could recover their investment and make a profit of $14,725.00 in the 13-month period.

It was the appellants' burden to prove their damages. *Standridge* v. *City of Hot Springs*, 271 Ark. 754, 610 S.W.2d 574 (1981); *Christmas* v. *Raley*, 260 Ark. 150, 539 S.W.2d 405 (1976). The trial judge gave appellants $65.00 per day for each of the five days which he found that appellees used the forklift but did not award any damages for the other days that the machine was in their possession but not actually used by them. As the fact finder, he could, of course, find that a rental of $65.00 per day was a reasonable rate for the forklift during the time it was in actual use and deteriorating in value because of that use. It is equally true that he could find such a rate to be greatly excessive for rental of the machine during the time it was not being used. *Armstrong & Latta* v. *City of Philadelpha, supra,* also held that whether the property involved could have been rented continuously during the period of detention would materially affect the amount of damages sustained and that the amount of damages should bear some reasonable proportion to the

value of the property detained. Since the appellants produced no evidence from which the court could determine the amount of just compensation which they should receive for the period the forklift was not in use, we think the court was correct in awarding damages for only the days it was used.

It is true that the court did not make a specific finding setting out the reason he awarded damages for only the days the machine was in actual use but we do not reverse the trial judge if his decision is right even if his reasoning is wrong. *Miller* v. *Dyer*, 243 Ark. 981, 423 S.W.2d 275 (1968); *Southern Farm Bureau Casualty Ins. Co.* v. *Reed*, 231 Ark. 759, 332 S.W.2d 615 (1960).

We affirm the decision of the trial judge in this case because, under the law, there is evidence to support his decision and under Civil Procedure Rule 52 (a) it is our duty to affirm his decision if it is not clearly against the preponderance of the evidence.

Affirmed.

COOPER, CORBIN, and GLAZE, JJ., dissent.

TOM GLAZE, Judge, dissenting. The majority decision not only ignores 100 years of law, it also allows a party to unlawfully retain another's property without incurring civil damages. This decision involves a replevin action and the holding adopted by the majority will drastically affect such actions in the future. Therefore, my dissent necessitates a thorough discussion of the facts and the applicable law.

The sole issue in this case concerns the measure of damages arising from a wrongful detention of certain personal property. See Ark. Stat. Ann. § 34-2116 (Repl. 1962). Although the parties tried other matters relative to an oral lease to which they had agreed, appellants in this appeal challenge only that part of the trial court's decision which failed to award the rental value for appellees' detention of a forklift.

At trial, appellees claimed that appellant, Bob White,

loaned them his forklift for the term of an oral lease under which appellants were leasing two rooms from appellees. White contended the forklift agreement between the parties had nothing to do with the lease.

The trial court agreed with White, finding that the use of the forklift by the appellees constituted a gratuitous bailment which was separate from the parties' lease. The court held appellees unlawfully detained the forklift, but since they had never agreed to pay rent, the *court limited* appellants' *damages to the time appellees used it.* Based upon the settled law in Arkansas, the measure applied by the court was clearly erroneous.

Our appellate courts have had no recent occasion to consider the issue posed here. However in *Continental Gin Co.* v. *Clement,* 176 Ark. 864, 4 S.W.2d 901 (1928), the Supreme Court held that the damages for the wrongful detention of property is the usable value of the property. *See also, Cullin-McCurdy Construction Co.* v. *Vulcan Iron Works,* 93 Ark. 342, 124 S.W. 1023 (1910).

The *Cullin-McCurdy* case was cited recently in *Garoogian* v. *Medlock,* 592 F.2d 997 (8th Cir. 1979). In *Medlock,* the court upheld a jury instruction, as being based on Arkansas case law, which allowed the plaintiff (1) the fair market rental value of his tractor which the defendant detained for 45 days, and (2) the amount of damage to the tractor caused by the defendant.

More than 100 years ago, the Supreme Court in *Kelly* v. *Altemus,* 34 Ark. 184, 188 (1879), held the ordinary measure of damages for the plaintiff in replevin, in the absence of proof of special damages, is legal interest on the value of the property in addition to the property itself or its value. Regarding property having a usable value, the court stated the true measure is the value of the use during the detention. *See also* 77 C.J.S *Replevin* § 280 (1952).

The usable value rule adopted in *Kelly* is stated in *Wells on Replevin* (2d ed.), p. 492, § 580. *See also, Korb* v. *Schroedel,* 93 Wis.2d 207, 286 N.W.2d 589 (1980), and D.

Dobbs. *Handbook on the Law of Remedies, Damages —
Equity — Restitution*, § 5.14 (1973). Wells discussed the rule
and its proper application as follows:

> This rule, allowing the value of the use, is peculiar
> to the action of replevin. It grows out of the fact that the
> plaintiff asserts his continued ownership in the prop-
> erty, and seeks to recover the property and not its value.
> * * * *It only applies in cases where the party claiming
> the use is in a situation to use it, and had a right to use
> it,* [citing *Barney* v. *Douglass*, 22 Wis. 464] *and only
> applies to cases where the property can be put to use. It
> is for only the loss of the use of property which the party
> is in a situation to use, and can use, that the value of the
> use is allowed.* [Emphasis supplied].

As I previously noted, the trial court found the appellees
had retained the forklift for months after its return was
demanded. The trial court, however, gave appellants dam-
ages for only the five days appellees made use of it, and the
majority of this court has now affirmed that award of
damages. In upholding such award, our Court has allowed
appellees, who wrongfully detained appellants' property, to
limit their damages merely because they chose to use the
forklift for five days even though they withheld it for
thirteen months. In sum, the damages depended upon
whether appellees actually used the forklift. If this measure
of damages is countenanced, other inequitable situations
will likely arise. For example, consider the following
possible scenario. A person loans his car to a friend but later,
because of a dispute, the friend contentiously refuses to
return it. Instead, being aware of the decision in this case, he
stores the car in his garage never to use it. Under the
rationale used in upholding the award in this cause, the car
owner who files a replevin action for his car's return would
receive no civil compensatory damages. Such a result would
be absurd as well as contrary to my understanding of the
applicable law. Here, once the trial court found the property
was wrongfully detained, it was then required to award
damages based on the usable value of the forklift for the
period of detention. As noted in *Kelly* v. *Altemus, supra,* and
*Wells on Replevin,* the value of the use is for the loss of use of

the property which the party — in the instant case, appellants — is in a situation to use and can use. Contrary to the decision of the majority, it simply does not matter whether appellees used or could have used the forklift. Appellant, White, testified he had a chance to rent the machine, he demanded its return from the appellees, and he was refused. He offered substantial, additional evidence concerning the damages incurred because the forklift was not returned, and damages should have been awarded according to the machine's usable value.

In conclusion, the majority makes a strange reference to the fact that the appellants did not offer evidence to prove their cause. I cannot imagine how much more proof is necessary. In fact, the trial court found the appellants' assigned rate of $65 per day to be a fair rental value. Appellants also offered testimony and evidentiary documents from which the court could have easily determined the period the property was wrongfully detained. On this point, the majority fails, at least to my satisfaction, to indicate what other evidence appellants were required to present to prove their damages. My review of the record reveals they offered substantial proof on the issue of damages. The trial court merely did not consider or rely on much of that evidence because it applied the wrong measure of damages.

Without stating so, the majority has adopted for the first time a rule which affects the measure of damages in replevin actions. This rule is stated in *Armstrong & Latta* v. *City of Philadelphia,* 249 Pa. 39, 94 A. 455 (1915), as follows:

> If defendant did not use the property, the deterioration which it would have suffered by use must be deducted from the value of the use.

While I do not necessarily object to the rule cited in the Pennsylvania case, I believe that everyone should recognize that this rule has never been applied in an Arkansas case. I believe it is unfair for this Court to penalize the appellant because he failed to introduce evidence on how much the forklift depreciated during the period of detention. At the

least, I believe this case should be remanded for a new trial so the parties and trial court can try this matter in view of the new rules we have adopted. *Continental Geophysical Co.* v. *Adair*, 243 Ark. 589, 420 S.W.2d 836 (1967), and *Fidelity Mutual Life Insurance Co.* v. *Beck*, 84 Ark. 57, 104 S.W. 533 (1907).

Because of the impact this decision will have in future replevin actions, I am of the opinion this case should be reviewed by our Supreme Court. I especially believe a review is appropriate because the Supreme Court has not, in recent years, addressed the usable value rule and its application in replevin actions. I am convinced clarification is needed.

COOPER and CORBIN, JJ., join in this dissent.