Frances J. MERRIMAN and Melinda Mae GOEBEL
*v.* Charles P. YUTTERMAN, a/k/a Charles W. YUTTERMAN and Lorene T. YUTTERMAN

86-187                                      723 S.W.2d 823

Supreme Court of Arkansas
Opinion delivered February 16, 1987

*Daily, West, Core, Coffman & Canfield*, for appellants.

*Frank R. Shaw* and *Hardin, Jesson & Dawson*, for appellees.

JACK HOLT, JR., Chief Justice. The parties in this appeal are the surviving children of John L. Yutterman who died in 1953 and left his property, located in Fort Smith, Arkansas, to his two sons and two daughters. Over thirty years after Yutterman's death, his daughters, Frances J. Merriman and Melina Mae Goebel, the appellants, filed suit against the only surviving son, the appellee Charles Yutterman and his wife Lorene, to determine the ownership of a forty foot wide driveway that apparently bisects the property. In addition, Frances sought reformation of a deed to property she sold to her brother Charles in 1982. Frances contends the deed contains an erroneous legal description due to

fraud and deceit by Charles. Charles counterclaimed that he overpayed Frances for the property. The trial court denied all relief because of a lack of proof, and found that an easement in gross existed in the driveway on behalf of all the parties. We agree and affirm.

When Yutterman died, he devised portions of his homeplace in fee simple to Frances, Melina, Charles, and his now deceased son, John D. Yutterman. The parcels devised to John D. and Charles were located in the southern portion of the property, and were apparently divided by the forty foot wide driveway into two nearly equal parts. Both property descriptions provide that the land being devised runs to either the west or east line of the driveway, and not to the middle of the driveway. The property devised to Melina is located in the northern portion of the land and the description does not mention the driveway. The property inherited by Frances is apparently the middle section of the homeplace. Likewise, that description does not mention the driveway. After reciting that he had conveyed to each of his four children a portion of his homeplace property, the deceased further provided in his will the following underscored language:

> Further, a specific condition of this will and of these devises is that *the forty (40) foot driveway from Free Ferry Road, three hundred (300) feet Northward, shall be kept open for the common use of the devisees in this will.* (Emphasis in original)

A residuary clause granted all the rest of Yutterman's estate to his four children, share and share alike.

Before John D.'s death, he conveyed his portion of the homeplace to Tankersley Brothers and Charles then bought the property from Tankersley Brothers. In November, 1982, Frances sold part of her property to Charles. It is the deed from that sale that she now wants reformed. Frances then attempted to sell the rest of her property to third parties, but could not because there was a cloud on the title over ownership of the driveway. To resolve this problem, Frances brought suit claiming that she owns the driveway under either of two theories, one of which her attorney abandoned during oral argument before this court. The remaining theory is that, since the driveway was not specifically bequeathed to anyone, then it passed to all four children pursuant

to the residuary clause. The heirs of John D. Yutterman have conveyed their interest in the driveway by quitclaim deed to Frances. Therefore, she contends, she owns half of the driveway and Charles and Melina each own one fourth.

The chancellor found that the will conveyed the forty foot wide driveway to all four children as an easement in gross, and that therefore the driveway is to be used and maintained for their common use without assignability and terminable upon death. In light of this interpretation of Yutterman's will, the chancellor denied Frances' claim.

We uphold the chancellor's decision. Although Frances asks this court to declare her the owner of the driveway in fee simple, she fails as a matter of proof to provide the court with a map that shows where the driveway is located. She does provide a map showing all of the property as divided between her, Melina, and Charles but it does not depict the driveway; and she provides a map that purports to be of only her property that shows the driveway. She does not, however, offer a map showing her father's property divided according to the terms of his will, with her brother John's share represented and showing the path the driveway takes throughout all of the property.

Accordingly, as a matter of evidence, we are left only with the terms of the will, which uses the driveway as a boundary line between the portions devised to Charles and John D. and grants a right of common use of the driveway to all four children, for our consideration. In interpreting a will, this court tries to find the intent of the testator from a consideration of the entire instrument. *Morgan* v. *Green*, 263 Ark. 125, 562 S.W.2d 612 (1978). We agree with the chancellor and find that Yutterman intended that all four children have equal access to use of the driveway. An easement in gross is personal to the parties and ends with the life of the parties. *Rose Lawn Cemetery Ass'n Inc.* v. *Scott*, 229 Ark. 639, 317 S.W.2d 265 (1958). By stating in his will that the driveway is to be kept open for the common use of the devisees in the will, Yutterman stated his intention that this easement be personal to the parties, and not a right that runs with the land.

Frances Merriman next argues that the deed executed by her to Charles in 1982 selling a portion of her land should be

reformed. She contends that the legal description conveys more land than she agreed to sell, and that it is the product of fraud and deceit by Charles. Charles did not appeal the denial of his counterclaim for a refund of part of the purchase price. In her brief and in oral argument, Frances also argued that the erroneous legal description was the result of a mutual mistake. Her attorney conceded, however, that this argument was being raised for the first time on appeal and, accordingly, we do not consider it. *Green* v. *Ferguson*, 263 Ark. 601, 567 S.W.2d 89 (1978).

The chancellor denied Frances' claim of fraud for want of proof and want of equity. This was a factual determination and we do not reverse his decision unless it was clearly erroneous. Ark. R. Civ. P. Rule 52. The resolution of this question rests in large part on the credibility and reliability of witnesses, which is best assessed by the trial court. *Falls* v. *Utley*, 281 Ark. 481, 665 S.W.2d 862 (1984).

In order to reform a deed the evidence must be clear, convincing, unequivocal and decisive, and must establish the right beyond a reasonable doubt. *Gastineau, et al.* v. *Crow*, 222 Ark. 749, 262 S.W.2d 654 (1953). Here, Frances offered proof that the parties agreed that the property to be sold would be bounded by the hedge line on the west side of her house, west of the driveway, and that the property, as described in the deed, goes beyond that to the middle of the driveway. She did not, however, prove that fraud or deceit by Charles procured the misdescription in the deed. We cannot say that the chancellor's finding was clearly erroneous.

Affirmed.