Cite as 2023 Ark. App. 560

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CV-22-292

SANDRA FOSTER

APPELLANT

V.

THE MANHATTAN GROUP, LLC,
D/B/A FOSTER MOTOR COMPANY

APPELLEE

Opinion Delivered December 6, 2023

APPEAL FROM THE JEFFERSON
COUNTY CIRCUIT COURT
[NOS. 35CV-21-332 & 35DR-20-1071]

HONORABLE LEON N. JAMISON,
JUDGE

REVERSED

## RITA W. GRUBER, Judge

This case is back before us after having been remanded to supplement the record in *Foster v. The Manhattan Grp., LLC*, 2023 Ark. App. 210. Sandra Foster appeals a Jefferson County Circuit Court judgment granting $13,906.15 in attorney's fees to appellee, The Manhattan Group, LLC, d/b/a Foster Motor Company (TMG). She contends that the circuit court erred in awarding fees because (1) they are not recoverable for replevin and conversion claims; (2) no motion for fees was filed in this case within fourteen days of judgment; and (3) TMG is not a party and had not been awarded any relief. We reverse.

### I. *Factual and Procedural History*

On June 11, 2021, TMG filed a complaint for replevin against Sandra in the Jefferson County Circuit Court, stemming from her continued possession of a 2016 GMC Yukon Denali. The Yukon came into Sandra's possession in 2017 when her then husband, Noel

Foster, executed a promissory note and security agreement for its purchase as "Noel Foster, d/b/a Foster Motor Company." Sandra answered the complaint, asserting that the Yukon was marital property, and all interests in it should be determined in the divorce proceeding between her and Noel that was also pending in the Jefferson County Circuit Court, albeit in a different division. On September 20, TMG filed an amended complaint adding a conversion claim. The style of the amended complaint delineated TMG as "The Manhattan Group, *LLC*, d/b/a Foster Motor Company"[1] rather than "The Manhattan Group, *Inc.*, d/b/a Foster Motor Company," as it had been styled in prior pleadings.

An order was entered October 5 stating that the replevin case had been consolidated with the divorce case. The order set out in relevant part that the circuit court had concluded that TMG owned the Yukon and was entitled to immediate possession. The order awarded TMG $3250, representing the five loan payments that TMG paid after demand but before Sandra returned the Yukon. The order also set out that the court would conduct further proceedings for Sandra's "retention, diminution in value, any damages to the vehicle while in . . . [Sandra's] possession, and attorney's fees." It further provided that a hearing had occurred on September 21, the transcript from which reflects that due to the addition of the conversion claim the previous day, the circuit court declined to hear that claim. Thus, the October 5 order addressed only the replevin claim.

---

[1]Foster Motor Company, a car dealership, is a single-member LLC. Its sole member is Lana Foster, Noel's sister-in-law.

On October 18, TMG filed a "Motion for Attorney's Fees and Costs." The motion specified the legal work that had been performed on TMG's behalf, which included drafting and sending demand letters, filing the lawsuit, filing an answer to the third-party complaint, attending hearings, preparing for trial, responding to subpoenas and moving to quash them, and preparing for and attending depositions. The motion was made pursuant to Arkansas Rule of Civil Procedure 54(e)(1) (2022), which provides that "[c]laims for attorneys' fees and related nontaxable expenses shall be made by motion" filed within fourteen days after entry of judgment. The motion posits that "damages to be assessed for the unlawful detention of a vehicle, for damages, and for legal fees incurred in recovery of the vehicle" are permitted pursuant to Arkansas Code Annotated section 18-60-820 (Repl. 2015) and *McQuillan v. Mercedes-Benz Credit Corp.*, 331 Ark. 242, 961 S.W.2d 729 (1998). Attached in support of the motion is the affidavit of TMG's attorney reflecting his hourly rate as $325; an order from another case in which the attorney was awarded an hourly rate of $335; and invoices reflecting legal fees of approximately $13,000.

On November 1, Sandra responded to the motion, arguing that attorney's fees may not be awarded unless expressly provided for by statute or rule; there is no statute or rule allowing for fees or costs in a replevin cause of action; fees are generally not permitted in tort actions; and in *McQuillan*, fees were awarded on the conversion claim, not the replevin claim. She contended that the Yukon was returned undamaged; the court had already granted TMG damages for the detention of the Yukon—the $3250; and TMG was not entitled to any further damages, fees, or costs. On November 9, TMG replied, arguing that *McQuillan*

3

provides for the award of attorney's fees in a replevin action and that "attorney's fees and costs are allowed as damages in attempts to recover possession of the truck."

At the January 15, 2022 hearing on the fee motion, Lana Foster testified that TMG's attorney had been hired to file the complaint and that the costs incurred by TMG "in pursuit of this action" were necessary. The attorney's bills were introduced as exhibits. Sandra testified that she had driven the Yukon continuously for the last six years, but as ordered, she had returned it and paid the $3250. On February 15, a judgment was entered granting TMG's fee motion and awarding TMG $13,906.15.[2] This appeal followed.

## II. *Standard of Review*

The award of attorney's fees is reviewed under an abuse-of-discretion standard. *Piping Indus. Co., Inc. v. Future Fuel Chem. Co.*, 2013 Ark. App. 549, at 4. The circuit court's decision will not be reversed absent an abuse of that discretion. *Vereen v. Hargrove*, 80 Ark. App. 385, 395, 96 S.W.3d 762, 768 (2003). However, a clearly erroneous interpretation or application of a law or rule will constitute a manifest abuse of discretion. *Id.*

## III. *Discussion*

Sandra first argues that attorney's fees are not recoverable for replevin and conversion claims. The parties use replevin and conversion interchangeably, but they are distinct and separate causes of action, *see France v. Nelson*, 292 Ark. 219, 221, 729 S.W.2d 161, 163

---

[2]The order also dismissed as moot a motion for contempt that had been filed by TMG on January 18. The order further stated that "all claims and motions pending in this matter not otherwise disposed of are dismissed," which disposed of the then outstanding conversion claim.

(1987), and the only cause of action upon which the judgment was entered was for the replevin claim. Thus, as to Sandra's first argument, the only question properly before this court is whether attorney's fees are recoverable for a replevin claim. In support of reversal, Sandra argues that three cases have held that attorney's fees are not permitted for litigating a replevin cause of action: *McQuillan*, *supra*; *Brown v. Blake*, 86 Ark. App. 107, 161 S.W.3d 298 (2004); and *Nef v. Ag Services of America, Inc.*, 79 Ark. App. 100, 86 S.W.3d 4 (2002).

TMG responds that *McQuillan* does permit the award of attorney's fees in a replevin cause of action, and Ark. Code Ann. § 18-60-820 governs the award of damages in a replevin case. Ark. Code Ann. § 18-60-820 provides:

> (a) In an action to recover the possession of personal property, judgment for the plaintiff may be for the delivery of the property, or for the value thereof in case a delivery cannot be had, and damages for the detention.

> (b) When the property has been delivered to the plaintiff and the defendant claims a return thereof, judgment for the defendant may be for the return of the property, or its value, in case a return cannot be had, and damages for the taking and withholding of the property.

TMG responds further that the fees are permissible because Sandra "chose to pull the replevin action into her divorce case"; fees may be awarded in a divorce action to the prevailing party; and Sandra may not now complain about the fees pursuant to the invited-error doctrine since she chose to "blend" the two cases.

Sandra replies that the fees were incurred litigating the replevin case, and precedent makes clear that awarding fees in such a case is impermissible. Regarding TMG's argument that its fees are permitted because they were awarded in a divorce action, Sandra replies that

5

TMG never argued that it could recover its fees because of the consolidation, and it was clear that the fees were sought for services incurred pursuing the replevin and conversion claims.

Regarding the availability of attorney's fees in a replevin case, the parties seem to agree that *McQuillan* dictates the result in this matter but disagree on what *McQuillan* mandates. In *McQuillan*, appellee Mercedes-Benz Credit Corporation (MBCC) sued appellants Gary D. McQuillan and America's Truckaway Systems, Inc., for replevin, praying alternatively for relief under a theory of conversion. 331 Ark. at 245, 961 S.W.2d at 730. The circuit court found that appellants had committed the tort of conversion and awarded $17,509.52 in damages and $1000 in attorney's fees to MBCC. *Id.* Of the $17,509.52 in damages, $13,109.52 was representative of "legal fees" "expended" by MBCC "in its attempts to recover the trucks [at issue] through the legal processes of various states." *Id.* at 246, 961 S.W.2d at 731. On appeal, the appellants argued in part that the damages award was improperly calculated, and the attorney's fees should not have been awarded. *Id.* at 249, 961 S.W.2d at 733.

Our supreme court affirmed the *damages* award of $17,509.52. *Id.* It explained that, ordinarily, the proper measure of damages for conversion is the market value of the property at the time and place of its conversion, but this is not the only measure of the damages recoverable in a conversion action, and the circumstances of the case may require a different standard, including a measure of the expenses incurred because of the conversion. *Id.* at 250, 961 S.W.2d at 733. It further explained that even though MBCC did eventually receive possession of the converted property, the circuit court did not err in awarding the amount

6

of damages it did, which included the "costs"—the legal fees—that were expended by MBCC in its attempts to recover possession of the two trucks. *Id.*, 961 S.W.2d at 734. It stated that it "has acknowledged the permissibility of awarding damages in an action for conversion based upon the expenses incurred as a result of the conversion." *Id.* at 250–51, 961 S.W.2d at 734. The court noted with approval that in other jurisdictions, while attorney's fees incurred in the prosecution of a conversion action were not recoverable, attorney's fees spent in recovering possession of the converted property were properly awarded as special damages by the trial court. *Id.* at 251, 961 S.W.2d at 734. The court further noted that it saw "no reason to distinguish the award of such expenses based upon whether the actions taken to secure the return of the property were performed by attorneys or persons of other occupations, such as repossession agents." *Id.*

However, the court did reverse the $1000 awarded specifically for attorney's fees because it was "apparent" that the "the trial court awarded $1,000.00 to MBCC separately as attorney's fees for action taken in pursuit of the civil claims, rather than as part of the costs incurred by MBCC in the recovery of the trucks." *Id.* at 252, 961 S.W.2d at 734. It stated that the "general rule in Arkansas is that attorney's fees incurred in the pursuit of civil actions are not awarded unless expressly provided for by statute or rule," and "Arkansas Code Annotated [section] 16-22-308 (Repl. 1994), which provides for attorney's fees in specific civil actions, does not allow attorney's fees in tort actions." *Id.* It then held that "the trial court erred in awarding that sum to MBCC, as attorney's fees incurred generally in the

7

prosecution of *replevin* and conversion actions are not expressly provided for by statute." *Id.* at 252, 961 S.W.2d at 734–35 (emphasis added).

The other two cases relied on by Sandra, *Nef*, *supra*, and *Brown*, *supra*, both reiterate that Ark. Code Ann. § 16-22-308 does not provide for the recovery of attorney's fees in tort actions and recognize that *McQuillen* held that the aggrieved party was not entitled to an award of attorney's fees for expenses incurred in litigating conversion and replevin claims, as opposed to the costs incurred in the recovery of the property itself.

Finally, TMG's argument that the fee award was permissible because the replevin case was consolidated with the divorce case and thus was invited error is unpersuasive. While TMG is correct that Arkansas Code Annotated § 9-12-309(a)(1)(A)(ii)(Repl. 2020) permits attorney's fees to the prevailing party in a divorce action, the record is clear that the fees were awarded to TMG as the prevailing party with respect to the replevin claim—not as a prevailing party to the divorce.

The only cause of action that TMG prevailed upon was for replevin—a tort—and not a cause of action for which there is statutory authority to award fees. The fees requested and granted were attorney's fees incurred in litigating the replevin claim. The motion filed was a motion for attorney's fees, not costs of recovery. *Damages* were awarded in the October 5 order. *McQuillen* makes clear that while legal costs incurred in recovering property—whether performed by an attorney or a nonlegal professional—may be awarded as damages; attorney's fees incurred for action taken in pursuit of the civil claim and awarded as attorney's fees are not. Here, unlike *McQuillen*, no fees were awarded as part of the damages awarded to TMG.

8

Accordingly, the circuit court abused its discretion in granting the fee motion, and the judgment awarding $13,906.15 is reversed. Because we reverse the award of fees on the basis of Sandra's first argument, we do not address her remaining arguments.

Reversed.

VIRDEN and BROWN, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*McDaniel & Wolff, PLLC*, by: *Scott P. Richardson*, for appellee.